(No. 35440.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CAROL LESLIE, Plaintiff in Error.

*Opinion filed January 22, 1960.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and EDWARD J. HLADIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The defendant, Carol Leslie, and two codefendants were indicted in the criminal court of Cook County for the burglary of an apartment of Ann Nash on June 3, 1958. She was found guilty, by the court, a jury trial being waived and was sentenced to the Illinois State Reformatory for Women, to serve a term of two to five years.

On writ of error, defendant seeks a reversal of that judgment, relying principally upon the contention that the conviction was induced by the testimony of two accomplices who had pleaded guilty in this cause, and otherwise were felons with such records of lawlessness that they are unworthy of belief.

Ann Nash, the prosecuting witness, testified that she

occupied an apartment at 1350 N. La Salle Street, and that upon her return from a vacation, she learned that her apartment had been broken into and many items of personal property were missing. These items and values were enumerated as follows: two coats of the value of $117 and $135; three pins of the value of $50 apiece; three bracelets of the approximate value of $152.20; two pieces of luggage of the value of $55 apiece; a toaster, value $15; a gold plated typewriter of the value of $125; a radio of the value of $500; another radio of the value of $20. Interestingly, the defendant was called by Ann to assist in the preparation of an inventory of the lost items.

Betty Vasquez testified that on June 2, 1958, she was present in defendant's apartment at 5100 N. Kenmore when defendant asked her boy friend, Enrico Rios, if he would assist in burglarizing Ann Nash's apartment; that the three of them drove to the Nash apartment on La Salle Street; that defendant told Rios how to break open the bathroom window and gain entrance; that he was given a car jack to use in the entry; that witness remained in the car during the burglary; that in about fifteen minutes the two returned with luggage, radios, clothes, fur coats and jewelry; that witness and Rios separated from defendant at Western and North Avenue; and that they retained only the luggage, leaving the rest of the loot with defendant. Betty admitted that she was a user of narcotics and had been arrested with Rios on narcotic charges. The testimony of Enrico Rios with some variations was substantially the same. He undertook to purify his role in the invasion of Miss Nash's premises by saying that defendant told him that some of her coats were missing and she thought they might be found in the apartment of Ann Nash. He said that on September 17, 1958, he had been shot by a police officer of the narcotic detail; that on January 12, 1959, he pleaded guilty to an indictment for robbery, and also entered a plea of guilty to the instant indictment for burglary.

He had pleaded guilty to a charge of the possession of narcotics, a charge reduced from sale of narcotics, and at the same time he pleaded guilty to the indictment for burglary and to another indictment for robbery.

Defendant Carol Leslie testified that she never discussed burglarizing the Nash apartment with her alleged accomplice; that she had known Miss Nash for four or five years, and that she had known that Miss Nash was going on a vacation; that Vasquez and Rios knew that Carol was preparing to go to Arkansas to visit her parents, and that they accompanied her in the automobile to within a few blocks of the Nash apartment where they got out of the car and she proceeded on to Arkansas. There she visited her parents, the Bosters, who live at 125 Sheridan Road, Little Rock.

Joseph Mhaka, testifying for the defendant, stated that he was in defendant's apartment with Vasquez and Rios on June 2 and heard no discussion about any proposed burglary. He left the apartment prior to the other three. A Chicago police officer, Charles Duke, testified that he arrested the defendant upon her return from Arkansas, that she denied her involvement in the Nash burglary, and that a search of her apartment produced none of the stolen property.

Counsel for defendant has emphasized here the unreliability of Rios and Vasquez, not alone because they are confessed felons, but because their testimony reveals many contradictions and inconsistencies. There are several of these, but it seems that they related more or less to immaterial details.

A reading of this record reveals that the trial court weighed carefully the evidence before him and, after much thought, concluded that the defendant was guilty. He was not unmindful of the rules that militate against the testimony of felonious accomplices. He observed that of considerable significance was the fact that it was the defendant

424

who had known Ann Nash for several years and was familiar with her apartment and its contents, and, most importantly, that Carol was the one person who admittedly knew that Ann Nash was away on her vacation at the time of the burglary. The complaint of the defendant about the criminal records of Rios and Vasquez loses some of its force when we consider that it was these same persons that she chose as companions. By her own testimony they were in defendant's apartment on Kenmore Street and were driven in her car to a point within a short distance of the Nash apartment on the occasion in question. We have repeatedly held that a conviction can be sustained by the uncorroborated testimony of an accomplice if the trier of fact is convinced of guilt beyond a reasonable doubt. *People* v. *Flaherty,* 396 Ill. 304, 314.

Finally, it is urged that the trial judge foreclosed himself from properly considering a motion for a new trial by stating that such a motion is not appropriate in a bench trial. It is noted that the cases cited in support of this contention of defendant all relate to trial by jury. Moreover, the record demonstrates that the trial court did consider errors raised in the motion for new trial. In connection with the consideration of the application for probation and motion for new trial, the trial court changed the minimum sentence from three years to two years.

We are convinced that the judgment entered herein represents substantial justice. *Judgment affirmed.*