THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD JOSEPH NEWELL, Defendant-Appellant.

Third District   No. 3—83—0210

Opinion filed January 31, 1984.

HEIPLE, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Samuel Naylor VI, State's Attorney, of Carthage (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Richard Joseph Newell, a/k/a Joe Newell, appeals from his conviction of burglary. The defendant was convicted on the basis of accountability for the actions of codefendants Ricky Barnes, David Snyder, and David Bence. We reverse the defendant's conviction.

The defendant argues initially on appeal that he was not proven guilty beyond a reasonable doubt. The evidence adduced at trial consisted primarily of the testimony of the codefendants. Codefendant Ricky Barnes testified for the State while David Snyder and David Bence testified on behalf of the defendant.

The uncontroverted evidence at trial demonstrated that during the week of March 15, 1982, Barnes, Snyder and Bence drove in the defendant's truck to an unoccupied house owned by Floyd Bolton.

Barnes entered the house through a window and then opened the door for Snyder and Bence. The three men selected several pieces of antique furniture, silverware and a clock and loaded them into the truck. After they returned to Bence's house in Quincy, Barnes alone left to sell the furniture. Barnes returned with $250, which was divided equally between the three men.

The disputed evidence concerned the defendant's role in the burglary of the Bolton house. Barnes testified that the defendant was present when the decision to take the furniture from the house was made and that the defendant advised them of the location of the house. Barnes further testified that the defendant gave him the use of the truck in furtherance of the decision to steal from the Bolton house. Barnes stated that he paid one-third of his share of the proceeds to the defendant as partial payment on a debt.

Conversely, Bence and Snyder both testified that the defendant was not present when the decision to burglarize the Bolton house was made. Bence testified that the three men decided to break into the house while driving aimlessly and smoking marijuana on the day of the offense. Both Bence and Snyder testified that they did not see the defendant on the day of the offense. Bence and Snyder each testified that Barnes drove the defendant's truck so frequently that they believed the truck belonged to Barnes. Finally, Bence testified that he had originally learned of the Bolton house when he passed by the house and not from information given him by the defendant.

Thus, the only evidence of the defendant's accountability for the burglary was the testimony of Barnes. As noted above, in exchange for his testimony, Barnes was not prosecuted for the instant offense. According to Barnes' testimony, however, the agreement not to prosecute was reached after giving his confession implicating the defendant.

■■ ■ While it is true that the testimony of a single credible witness is sufficient to establish a defendant's guilt beyond a reasonable doubt (*People v. Rodriquez* (1981), 100 Ill. App. 3d 244, 426 N.E.2d 586), we find that the testimony of Barnes was insufficient to establish the defendant's guilt in the instant case. Accomplice testimony is subject to careful scrutiny. Such testimony may be the basis of a conviction only if it is sufficient to prove the defendant guilty beyond a reasonable doubt. *People v. Wilson* (1977), 66 Ill. 2d 346, 362 N.E.2d 291.

■ In the instant case, Barnes' testimony was not sufficient to prove the defendant guilty in light of the testimony of the two remaining accomplices. The testimony of Snyder and Bence created a reasonable doubt whether the defendant solicited, aided or abetted the others in the commission of the burglary.

Therefore, the judgment of the circuit court of Hancock County is reversed.

Reversed.

ALLOY, J., concurs.

JUSTICE HEIPLE, dissenting:

The defendant was convicted of burglary by accountability following a jury trial. The sole factual issue was whether the defendant took part in the crime. The testimony of the State's witness, codefendant Barnes, and the testimony of the defendant's witnesses, codefendants Snyder and Bence, was contradictory insofar as their testimony described the defendant's participation in the crime: Barnes stated the defendant participated in the crime; Snyder and Bence claimed the defendant had nothing to do with the crime. Obviously, the jury chose to believe the testimony of Barnes and not the testimony of Snyder and Bence.

The majority opinion, in effect, finds that the testimony of Snyder and Bence cast a reasonable doubt upon the testimony of Barnes. Thus, the testimony of Barnes is insufficient to prove the defendant guilty beyond a reasonable doubt. I believe the majority has improperly substituted its judgment on the credibility of the witnesses for that of the jury. Therefore, I dissent.

In *People v. Palmer* (1962), 26 Ill. 2d 464, the only witness implicating the defendant was the sole alleged accomplice, Mr. Yancey. For the defense, there were several alibi witnesses who, in sum, testified that the defendant was not where Yancey claimed he was on the date of the crime. Notwithstanding the direct conflict between the testimony of the alibi witnesses and the testimony of the accomplice, and despite the fact the accomplice was a convicted felon and a narcotics addict, the court recognized that the testimony of such an accomplice

> "is competent, even without corroboration, and we have repeatedly held that a conviction can be sustained by the uncorroborated testimony of an accomplice if the trier of fact is convinced of guilt beyond a reasonable doubt. *People v. Flaherty,* 396 Ill. 304, 314; *People v. Leslie,* 18 Ill. 2d 420, 424.
>
> This court will not substitute its judgment on the matter of credibility of witnesses and the weight to be given their testimony where the trial judge saw and heard them testify, unless we can say the proof was so unsatisfactory as to justify a reasonable doubt as to defendant's guilt. *People v. Mack,* 25 Ill. 2d 416,

422; *People v. Dillon,* 24 Ill. 2d 122." 26 Ill. 2d 464, 469.

The only fact noted by the majority opinion which sets Barnes apart from the other two accomplices is that Barnes was granted immunity in return for his testimony. While hopes of leniency or benefits from the prosecution must be taken into consideration, they are not dispositive of an accomplice's credibility. (See *People v. Flaherty* (1947), 396 Ill. 304, 314.) Otherwise, every offer of immunity would render an accomplice's testimony without credibility. Consequently, convictions based upon accomplice testimony will be reversed only if such testimony is impeachable by prior inconsistent statements, contradicted by undisputed facts or other credible evidence, or is improbable or incredible. *People v. Bennett* (1980), 90 Ill. App. 3d 64, 71.

In the instant case, there is conflicting testimony among the accomplices concerning the defendant's involvement in the crime. It has been noted that such conflicting testimony may cast a reasonable doubt upon the testimony of the State's witness and the defendant's guilt. (*People v. Hermens* (1955), 5 Ill. 2d 277, 286, citing *People v. Harvey* (1926), 321 Ill. 361.) However, the doubt only arises where the accomplice has an interest in the result of the trial in that he may obtain benefits from the State in exchange for his testimony and his testimony at trial is impeached with prior inconsistent statements. Yet, even then, the question of credibility is one for the jury, and the jury's determination should not be disturbed on appeal. *People v. Harvey* (1926), 321 Ill. 361, 367.

Barnes' testimony at trial was not impeached by prior inconsistent statements. Indeed, Barnes had confessed to the crime and implicated his accomplices even *before* the State offered immunity in exchange for his testimony. Also, there is nothing in the background of Snyder and Bence which would entitle their testimony to greater credibility; both Snyder and Bence are repeat offenders. From a review of the record, I cannot say that Barnes' testimony was improbable or incredible.

In short, the record contains no compelling evidence which requires a conclusion that Barnes fabricated his story. The jury viewed the witnesses, was aware of their background and any offers of immunity. The record supports the manner in which the jury determined the credibility of the witnesses and weighed the evidence. I cannot support a holding which finds the proof was so unsatisfactory as to justify a reasonable doubt as to the defendant's guilt. Therefore, I respectfully dissent.