(No. 60303.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LUIS RUIZ, Appellant.

*Opinion filed June 5, 1985.*

Charles M. Schiedel, Deputy Defender, and Theodore A. Gottfried, State Appellate Defender, of the Office of the State Appellate Defender, of Springfield, of counsel, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

CHIEF JUSTICE CLARK delivered the opinion of the court:

The defendant, Luis Ruiz, has taken this appeal from an order of the circuit court of Cook County dismissing his petition for post-conviction relief. Because of the limited scope of our opinion, we need only set forth a few essential facts.

Ruiz and his codefendant, Juan Caballero, were convicted by separate juries in the circuit court of Cook County for the murders of Michael Salcido, Arthur

Salcido and Frank Mussa. Ruiz and Caballero were also convicted of armed violence and unlawful restraint. Even though the defendants were tried by separate juries, both juries were supervised by the same trial judge. The State requested a death penalty hearing for each of the defendants. Ruiz waived a jury at his hearing and was subsequently sentenced to death by the trial judge. On direct appeal, this court affirmed the defendant's convictions and sentence and denied the defendant's petition for rehearing. (*People v. Ruiz* (1982), 94 Ill. 2d 245.) Ruiz petitioned the Supreme Court for a writ of *certiorari*. The writ was denied. (*Ruiz v. Illinois* (1983), 462 U.S. 1112, 77 L. Ed. 2d 1341, 103 S. Ct. 2465.) The Supreme Court also denied Ruiz' petition for rehearing. *Ruiz v. Illinois* (1983), 463 U.S. 1236, 77 L. Ed. 2d 1452, 104 S. Ct. 31.

On September 30, 1983, Ruiz filed a *pro se* petition for post-conviction relief in the circuit court of Cook County. The State filed a motion to dismiss the defendant's petition on November 10, 1983. The first proceeding on the petition was on February 14, 1984, at which time the defendant filed a motion requesting that his post-conviction-relief petition be reassigned. On March 8, 1984, the circuit court denied the defendant's motion to reassign the post-conviction-relief petition and granted the State's motion to dismiss the petition. No evidentiary hearing was held on the defendant's petition. The defendant appealed to the appellate court. The State filed a motion to transfer the cause to this court. That motion was allowed. (The defendant appealed to the appellate court before our Rule 651 was amended. Amended Rule 651(a) provides in pertinent part: "(a) Right of Appeal. An appeal from a final judgment of the circuit court in any post-conviction proceeding involving a judgment imposing a sentence of death shall lie directly to the Supreme Court as a matter of right."

Amended November 30, 1984, effective December 1, 1984.) 101 Ill. 2d R. 651(a).

Although the defendant raises several contentions, there is really only one issue which this court need address; namely, whether section 122—8 of the Criminal Code of 1961 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8) applied to the defendant's post-conviction-relief petition. If this section applied, then the defendant's petition should have been reassigned.

Section 122—8 became effective on November 23, 1983. This section provides: "All proceedings under this Article shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8.

The defendant filed his *pro se* petition for post-conviction relief on September 30, 1983. His petition was assigned to the same trial judge who had presided at the defendant's trial and sentencing. On November 23, 1983, section 122—8 became effective. The first proceeding with regard to the defendant's petition was held on February 14, 1984. On February 14, the defendant asked that his petition be reassigned since the judge had presided at the proceeding which resulted in his conviction. As stated earlier, no evidentiary hearing was held on the defendant's petition. We must determine whether section 122—8 applied, thereby requiring that the defendant's petition be reassigned.

When amendments relate to procedural matters, all rights of action are enforceable under the new procedure. (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 347.) Hence, we must determine if section 122—8 is procedural in nature. Black's Law Dictionary, Fourth Edition, defines procedural law, as: "That which prescribes the method of enforcing rights or obtaining redress for their invasion; machinery for carrying on a suit. [Citation.]"

(Black's Law Dictionary 1367 (4th ed. 1951).) In addition, Black's defines procedure as:

> "The mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of the proceeding, the court is to administer; the machinery, as distinguished from its product. [Citation.] That which regulates the formal steps in an action or other judicial proceeding; a form, manner, and order of conducting suits or prosecutions. [Citation.] The judicial process for enforcing rights and duties recognized by substantive law and for justly administering redress for infraction of them. [Citation.]" Black's Law Dictionary 1367-68 (4th ed. 1951).

A note following this definition states: "It [procedure] not only embraces practice in courts, but regulation of the conduct of the court itself wherein such practice takes place [Citation.]" Black's Law Dictionary 1368 (4th ed. 1951.)

Section 122—8 does not create, define or regulate rights. Rather, it regulates and conducts the order of the judicial process to be followed in post-conviction hearings. This section sets forth the machinery to be used by the circuit court when a defendant seeks to obtain redress for an alleged violation of his constitutional rights. Therefore, section 122—8 is a part of the law of procedure.

> "The law applicable in the State of Illinois is that there is no vested right in any particular remedy or method of procedure, and that, while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation." *Ogdon v. Gianakos* (1953), 415 Ill. 591, 597.

Section 122—8 does not contain a saving clause. It only establishes the procedure to be followed with respect to post-conviction petitions. As a change which affects only the law of procedure, there can be no valid objection to applying the new section to the defendant's petition, especially in light of the fact that judicial proceedings on this petition began on February 14, 1984, the date the defendant asked that the petition be reassigned to another judge, which was after the effective date of section 122—8.

Although motions were filed and oral arguments took place with respect to these motions, *no* evidentiary hearing was held in this case. Therefore, we need not decide what would have happened had there been an evidentiary hearing since that issue is not before this court.

In conclusion, the circuit court should have granted the defendant's motion for reassignment. We note that the statute upon which this opinion is based has been held to be unconstitutional by the circuit court of Knox County. The defendant in that case has petitioned this court for leave to appeal. (People v. Joseph, No. 61826.) We do not here take a position on that matter. However, in the instant case, under our supervisory authority we reverse the circuit court's order denying the defendant's motion to reassign the petition and remand this cause to the circuit court in order that it may assign the defendant's post-conviction-relief petition in accordance with this opinion. Since the petition should have been reassigned, we also vacate the circuit court's order dismissing the defendant's petition.

Because of our holding, we need not address the defendant's other contentions.

*Reversed and remanded,*
*with directions.*