THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. RUSSELL SWEARINGEN, Petitioner-Appellant.

Fourth District No. 4—85—0173

Opinion filed January 13, 1986.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and Kevin T. McClain, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Russell Swearingen, filed an amended *pro se* petition for post-conviction relief on February 4, 1985. The trial court found that the petition was without merit and dismissed it pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1.) On appeal, the defendant argues that: (1) the trial court's application of section 122—2.1 improperly denied him representation by counsel; and (2) section 122—2.1 is unconstitutional because it allows the dismissal of post-conviction petitions deemed frivolous prior to the appointment of counsel. We affirm.

In 1980, the defendant was convicted of rape, deviate sexual assault, and armed violence. On direct appeal, the appellate court affirmed the defendant's convictions of rape and deviate sexual assault and reversed his armed violence conviction. (*People v. Swearingen* (1980), 89 Ill. App. 3d 1206.) On October 18, 1983, the defendant filed a *pro se* petition for post-conviction relief and a request for appointment of counsel. On October 19, 1983, the public defender was appointed to represent the defendant. At a hearing held on February 27, 1984, the trial court granted the State's motion to dismiss the petition. On motion of defense counsel, the defendant was given leave to file an amended post-conviction petition.

The defendant filed a "second or amended" *pro se* petition on February 4, 1985. At a hearing on March 1, 1985, the State moved to dismiss the amended petition. The trial court found that the amended petition was "frivolous and patently without merit" and, accordingly, dismissed the petition. The defendant's previously appointed counsel was not present at the hearing nor involved in any way with the amended petition. The defendant filed the instant appeal.

The defendant claims that the trial court erred in applying section 122—2.1, which allows dismissal of the petition without the involvement of counsel. According to the defendant, he had the right to assistance of counsel on the amended petition because counsel had previously been appointed on his original petition, counsel had not withdrawn from the case, and the amended petition was merely an extension of the earlier one. The defendant contends, therefore, that he was improperly denied representation by counsel since the public defender was not given notice of the amended petition or the subsequent hearing and was, consequently, unable to assist the defendant.

We note initially that at the time the defendant filed his first petition in October 1983, the trial court was required to appoint counsel if the petitioner so requested. (Ill. Rev. Stat. 1983, ch. 38, par. 122—4.) Section 122—4 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), was later modified by Public Act 83—942, effective November 22, 1983. Under this amendment, the court now has the authority to dismiss a post-conviction petition without appointing counsel if the court determines that the petition is frivolous or patently without merit. (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 122—2.1(a), 122—4.) When the defendant filed his amended petition in February 1985, this new standard for the appointment of counsel was in effect.

■■■ The essence of the defendant's argument is that he retained a right to counsel on the amended petition because counsel had previ-

ously been appointed on his original petition. We disagree. The recent statutory changes concerning the appointment of counsel were procedural in nature. (*People v. Ward* (1984), 124 Ill. App. 3d 974, 464 N.E.2d 1144.) It is well established that when amendments relate to procedural matters, all rights of action are enforceable under the new procedure as there is no vested right in any particular method of procedure. (*People v. Ruiz* (1985), 107 Ill. 2d 19, 479 N.E.2d 922.) Consequently, in the case before us, the defendant's mandatory right to counsel under the former statute did not continue or carry over to his amended petition. Furthermore, the two post-conviction petitions were separate petitions and, as such, subject to the applicable statutory provision which was in effect at the time each petition was filed. Because the amended petition was filed after the new standard became effective, the trial court properly applied section 122—2.1 which allows for dismissal of a meritless petition without the involvement of counsel. As noted in *Ward*, the right to counsel at post-conviction proceedings is a "matter of legislative grace and favor which may be altered by the legislature at will." (*People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144, 1147.) Thus, the defendant in the instant case had no accrued right to counsel on the amended petition.

■ The defendant's final contention on appeal is that section 122—2.1 is unconstitutional because it allows the dismissal of frivolous petitions prior to the appointment of counsel. In support, the defendant cites the following grounds: (1) this provision conflicts with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)), thereby violating the doctrine of separation of powers; (2) the equal protection doctrine is violated when counsel is provided for direct appellants but not for post-conviction petitioners; and (3) denying counsel to indigent post-conviction petitioners violates due process guarantees of the Illinois and Federal constitutions.

The defendant's constitutional challenge to section 122—2.1 is without merit. These precise arguments were recently considered and rejected in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724. Because we concur in the *Baugh* court's analysis that the statutory provision is constitutional, we find it unnecessary to further address the issue.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.