THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ONIE COOPER, Defendant-Appellant.

Fourth District   No. 4—85—0404

Opinion filed March 31, 1986.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael M. McFatridge, State's Attorney, of Paris (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn Klingler, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

We have before us now an appeal arising out of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) where the record is replete with indications that, procedurally at least, the Act as amended was not properly considered.

As such, we find it necessary to set out the revised statutory scheme before embarking upon our disposition of the matter. By Public Act No. 83—942 (1983 Ill. Laws 6200), not only was a significant section added to the Act, but several provisions were amended as well. We take particular notice of section 122—2.1 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1, which provides:

"Sec. 122—2.1. (a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding."

Section 122—4, referred to in 122—2.1(b) above, concerns pauper petitions. That section as amended now reads that, if a petition is not dismissed pursuant to section 122—2.1, and alleges that the petitioner is indigent, the court shall appoint counsel if requested and may allow the petitioner to proceed *in forma pauperis.* Further, the petitioner may then be provided with a transcript in accordance with supreme court rules. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—4.) Section 122—5 as amended (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—5) directs that the State shall either move to dismiss or answer within 30 days once the petition is docketed for further consideration under section 122—2.1(b). Also, section 122—1 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1), when read in conjunction with 122—2.1, designates two instances in which a petition will be docketed: first, for the limited purposes set forth under sections 122—2.1(a) and (c); and second, for general consideration when so ordered by the court pursuant to section 122—2.1(b).

Thus, we may summarize the potential routes a post-conviction petition proceeding may follow once filed. First, the petition is docketed for the limited purpose of an examination by a judge not involved in the original proceeding (see Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8), who must then take one of two actions: (1) he may dismiss it as "frivolous" or "patently without merit" (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)), in which case the order is appealable; or (2) he may order it docketed for further consideration as provided for in the succeeding sections of the statute. However, in initially examining the petition, the judge must do so *inops consilii,* that is, without input by the State or further pleadings from the petitioner. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555.) There also can be no appointment of counsel or leave to proceed *in forma pauperis* until it is determined, usually by docket entry, that the petition will not be dismissed under section 122—2.1(a). (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555.) This means that where the petition is filed *pro se,* as is often the case, it may be dismissed as frivolous or patently meritless without appointment of, or aid by, legal counsel. As an aside, the constitutionality of this provision has been repeatedly upheld. *People v. Swearingen* (1986), 140 Ill. App. 3d 93, 488 N.E.2d 324; *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.

Should the petition survive this initial examination, the court should so indicate; the statute calls for a docket entry by order of the court. Only then may the State file pleadings in response within the

confines of section 122—5. At this juncture, the State must either answer the petition or file a motion to dismiss. If the State chooses to file a motion to dismiss, the court may then either grant the motion and dismiss the petition or deny the motion. If the motion to dismiss is denied, the State will then be required to answer the petition. Once the State answers, the court, upon considering the merits, may still deny the petition without a hearing (which also constitutes an appealable order); otherwise, the cause will proceed to a hearing. After the hearing is held, the court will then either grant or deny the relief requested.

Given the statutory manner of proceeding that should have been employed below, we now consider what actually did occur. Following a jury trial *in absentia*, the defendant was found guilty on August 29, 1983, of theft and theft from a person. He was sentenced to a five-year prison term, which he is currently serving. On March 11, 1985, the defendant filed a *pro se* petition for post-conviction relief. The petition essentially alleged that the defendant had been denied his sixth amendment right to confront witnesses, that the sentence was contrary to the statute for theft from a person, and that the designation of the crime as a felony was erroneous.

Interestingly, on March 13, 1985, Judge Richard E. Scott of the Edgar County circuit court, the judge assigned to this matter, sent a letter to the defendant informing him that counsel was being appointed to represent him. The letter further stated that, before a transcript would be ordered, the State would be allowed 21 days to file any motions it desired concerning the petition. According to the letter, and by docket entry, a hearing was set for April 15, 1985. In the interim, on April 4, 1985, defendant's appointed counsel filed a petition for a transcript.

We surmise that the trial court here followed the previous procedure under the Act whereby, upon the filing of a petition, the cause was routinely docketed and counsel appointed if requested. The State was then required to file its own pleadings, either a motion to dismiss or an answer. The record offers no indication that section 122—2.1 was recognized at this point, much less followed.

On April 15, 1985, the date of the scheduled hearing, the State filed its motion to dismiss claiming the petition was frivolous or patently without merit. After the court heard arguments the following docket entry was made: "Request for relief due to failure to confront and cross-examine witnesses is denied. *** Court reserves ruling on request for transcript and on petition [*sic*] to dismiss. Counsel may submit written authority within 14 days."

Subsequently, on April 24, 1985, appointed counsel for the defendant filed an amended petition for post-conviction relief, accompanied by certain affidavits of the defendant. For the first time, it was alleged that defendant was convicted on the basis of perjured testimony. As best we can make out from the record, defendant claims that because two "alleged co-defendants" actually testified on behalf of the State during the trial, and because the defendant was convicted while these others were not, then they must have committed perjury. The petition further alleged that defendant was not wilfully absent from his trial, but rather was threatened to stay away by relatives of one of the "co-defendants." The petition also advanced that the defendant was denied due process because of his inability to read and write. Finally, the petition requested a copy of the transcript of proceedings. Inexplicably, counsel for defendant, that same day, also filed a motion for a new trial (accompanied by memorandum of law).

By a letter from Judge Scott dated May 3, 1985, the court allowed the motion to amend the petition. The letter stated that the court "will treat all written arguments and oral arguments as applying to the amended petition." The letter went on to deny the request for a transcript and to find that the "theft from a person" issue is not one of constitutional dimension that may be raised under the Post-Conviction Hearing Act. The letter also noted that the trial *in absentia* issue raised by the motion for a new trial was not of sufficient constitutional dimension. For reasons unknown to us, the court by letter denied the separate motion for a new trial, although no final determination was made as to the petition. Later, perhaps reflecting poor communication and a dissatisfaction with appointed counsel, the defendant on May 13, 1985, filed a *pro se* petition to order a transcript.

Thereafter, on May 17, 1985, an order was finally entered. The order reiterated that allegations concerning both the trial *in absentia* and theft from a person issues did not rise to the level of a constitutional question cognizable under the Act. The order went on to find that all of the defendant's allegations and arguments were "frivolous and patently without merit," and dismissed the petition for post-conviction relief. Defendant appeals this order, contending it was error for the trial court to dismiss the petition without providing him with a copy of the trial transcript that would allow him to perfect the issue of whether perjury was committed at trial.

Obviously, the trial court never acted pursuant to section 122—2.1; instead, by its March 13 letter, the court operated under the statute as it read previously when it appointed counsel for the defendant

and allowed the State to either move to dismiss or answer. (Ill. Rev. Stat. 1983, ch. 38, par. 122—2.1.) We are therefore constrained to review the issues raised according to the record below.

■ We believe the trial court ultimately erred in denying defendant and his counsel a copy of the trial transcript. The purpose of a post-conviction proceeding is not to relitigate the guilt or innocence of a defendant (*People v. Moore* (1972), 5 Ill. App. 3d 125, 283 N.E.2d 264); rather, it is to provide a remedy to any person imprisoned in violation of his constitutional rights (*People v. Eatmon* (1970), 47 Ill. 2d 90, 264 N.E.2d 194). A post-conviction petition must therefore allege the violation of constitutional rights.

■ Granted, as the court below held, a trial *in absentia* is constitutional. However, we opine that the court misinterpreted the real issue raised. An issue of constitutional dimension has been articulated, though somewhat inartfully below: that of perjury. Unquestionably, an allegation of a conviction based upon perjured testimony is of constitutional dimension. (*People v. Bracey* (1972), 51 Ill. 2d 514, 283 N.E.2d 685; *People v. Sims* (1972), 4 Ill. App. 3d 878, 282 N.E.2d 16; *People v. Shannon* (1975), 28 Ill. App. 3d 873, 329 N.E.2d 399.) The burden is on the petitioner to establish the perjury. (*People v. Bracey* (1972), 51 Ill. 2d 514, 282 N.E.2d 16.) A petition consisting of mere conclusions, unsupported by further allegations of specific facts, or by affidavits, is insufficient to reverse the dismissal of that petition. *People v. Bassett* (1974), 56 Ill. 2d 285, 307 N.E.2d 359.

■ Still, under the United States Constitution and the laws of the State of Illinois, an indigent defendant is entitled to a free transcript of the proceedings in his cause. (*Griffin v. Illinois* (1955), 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585; *People v. Bonn* (1974), 19 Ill. App. 3d 443, 311 N.E.2d 766; 87 Ill. 2d R. 471.) In addition, Supreme Court Rule 651(c) requires that court-appointed counsel, upon appeal from the dismissal of a post-conviction petition, be allowed to examine the record of proceedings at trial. (103 Ill. 2d R. 651(c).) The avowed purpose of providing a free transcript to an indigent defendant is to enable the defendant to review the proceedings in order to perfect his petition for post-conviction relief. *People v. Robinson* (1975), 25 Ill. App. 3d 52, 322 N.E.2d 505; *People v. Bonn* (1974), 19 Ill. App. 3d 443, 311 N.E.2d 766; see also *People v. Eatmon* (1970), 47 Ill. 2d 90, 264 N.E.2d 194.

■ Therefore, we must reverse and remand this matter with directions to further proceed. First, we find no indication in the record that the defendant ever alleged he was indigent or asked to proceed *in forma pauperis* at the trial level even though counsel was ap-

pointed for him by the circuit court. He did in fact allege indigency for purposes of appeal. If, on remand, the defendant shows indigency to the satisfaction of the trial court, the court shall provide him with a copy of the trial transcript so that he may be allowed to perfect his petition. The defendant will then be permitted to file an amended petition, should he so desire, complete with any necessary affidavits. The State must then answer the amended petition or file a motion to dismiss. The matter shall then proceed according to the statute.

Reversed and remanded with directions.

WEBBER and SPITZ, JJ., concur.