THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. KEVIN WILSON, Petitioner-Appellant.

First District (4th Division)   No. 84—2095

Opinion filed July 3, 1986.

Steven Clark and Debra R. Salinger, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and Christopher J. Cummings, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Defendant, Kevin Wilson, appeals from the trial court's dismissal of his petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). He raises the following questions for our review.

1. Whether the trial court's failure to rule upon the frivolity or patent lack of merit of the defendant's petition within 30 days of its filing and docketing rendered the court's dismissal order void or reversible error;

2. Whether the trial court's failure to state specific factual find-

ings and legal conclusions in its written order dismissing defendant's post-conviction petition on the ground that it was "without legal foundation" rendered the dismissal order void or reversible error;

3. Whether the trial court's determination that the petition was without merit was erroneous;

4. Whether the Act's provision that the court shall determine the frivolity or lack of merit to a defendant's petition prior to appointment of counsel: (a) conflicts with Illinois Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)) thereby impermissibly infringing upon the power of the judiciary; (b) violates the defendant's due process right to meaningful access to the courts; and (c) violates the defendant's right to equal protection of the laws.

For the reasons set forth more fully below, we reverse and remand.

BACKGROUND

Following a jury trial, defendant was convicted of murder and armed robbery and sentenced to concurrent terms of 40 and 30 years' incarceration for those respective offenses. His conviction and the sentences imposed therefor were subsequently affirmed on appeal. (*People v. Wilson* (1985), 131 Ill. App. 3d 1164 (order pursuant to Rule 23).) During the pendency of the appeal, on January 5, 1984, defendant filed a *pro se* petition for post-conviction relief from these convictions, alleging that he was denied effective assistance of counsel at trial. Specifically, the petition claimed that defendant's trial attorney denied him effective assistance of counsel in that:

"a) His trial counsel never visited him in jail although he assured petitioner by phone they would have many visits prior to trial.

b) His trial counsel never tried to get in touch with his witnesses although he assured him he would.

c) His trial counsel never made an effort to check on or get certain evidence which would have helped establish his defense, i.e.,

1) That petitioner had been hired by the Chicago Police Department as a custodian the same morning that the crime took place. Trial counsel told petitioner this could not be proven and when petitioner told him he had been fingerprinted and photographed, trial counsel told him it did not make any difference where he was or what he was doing that morning.

2) Petitioner told trial counsel he had received $7000 ten

days before the crime and therefore had no motive to rob anyone but this fact was not proven.

3) Although it had always been the plan that petitioner would testify in his own behalf, trial counsel waited until the day of trial to change that strategy and tell petitioner he would not testify.

4) Trial counsel tried to get petitioner to plead guilty although petitioner had fired his first attorney for trying to do that."

Defendant also requested in the petition that counsel be appointed to represent him and that the court conduct a hearing on his petition. His request for counsel was supported by an affidavit of indigency.

The half sheet indicates that the cause was docketed on February 21, 1984, and on February 29, 1984, the cause was transferred from the presiding judge of the division to a judge other than the judge who presided over the trial. Thereafter, on April 12, the trial court entered an order which dismissed defendant's post-conviction petition. This order stated, in pertinent part:

"WHEREAS: The court being advised in the premises, and finding that the petitioner sets forth no grounds for legal relief

THEREFORE: It is ordered that Petitioner's motion for post conviction relief be denied, and the same is dismissed."

The transcript of the court's oral pronouncement on the matter on April 12 sets forth no additional reasons for dismissal. Instead it is in substance virtually identical to the language of the court's written order. The record indicates that there were "no appearances" by any party before the court when it made its oral pronouncement.

Defendant's late notice of appeal to this court was allowed, and this appeal followed.

Opinion

The arguments raised by the defendant in the case at bar call upon this court to interpret several substantial amendments to the PCHA adopted by the Illinois legislature in 1983. (See Pub. Act 83–942; 1983 Ill. Laws 6200.) These amendments have already been the subject of judicial review in this State. (See *People v. Joseph* (1986), 113 Ill. 2d 36; *People v. Ruiz* (1985), 107 Ill. 2d 19, 479 N.E.2d 922; *People v. Price* (1986), 144 Ill. App. 3d 949 (First District, 3rd Division); *People v. Cooper* (1986), 142 Ill. App. 3d 223, 491 N.E.2d 815 (Fourth District); *People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486 (Fifth District); *People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47 (First District, 2nd Division); *People v.*

*Swearingen* (1986), 140 Ill. App. 3d 93, 488 N.E.2d 324 (Fourth District); *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137 (First District, 1st Division); *People v. Baker* (1985), 138 Ill. App. 3d 638, 486 N.E.2d 331 (Fourth District); *People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555 (Fourth District); *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 483 N.E.2d 1039 (Fourth District); *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422 (First District, 5th Division); *People v. Churchill* (1985), 136 Ill. App. 3d 123, 482 N.E.2d 355 (Third District); *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724 (Fourth District); see also *People v. Mason* (1986), 145 Ill. App. 3d 218 (First District, 4th Division).) In view of the fact that these decisions reflect divergent and disparate views and the fact that conflicting decisions have been reached by other appellate courts in this State on the issues before this court (see *e.g., People v. Chest* (1986), 112 Ill. 2d 561, Simon, J., dissenting from denial of leave to appeal), we find it appropriate to set forth in some detail the procedures established in the PCHA prior to the 1983 amendments, the manner in which these procedures are altered by the 1983 amendments, and the purposes of the PCHA and its 1983 amendments, prior to a consideration of the specific questions raised by the defendant in this appeal.

The Post-Conviction Hearing Act was originally enacted by the Illinois legislature in 1949. (See Public Act 1949, p. 722, sec. 1.) The objective of the Act is to provide an effective, post-trial forum to "[a]ny person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both." (Ill. Rev. Stat. 1985, ch. 38, par. 122—1; see, *e.g., People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307.) Thus the Act is "designed to afford to the convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered. [Citation.]" *People v. Pier* (1972), 51 Ill. 2d 96, 98, 281 N.E.2d 289.

The Act is the result of United States Supreme Court's decisions in which the Supreme Court found inadequate the Illinois common law remedies that were available, prior to adoption of the Act, to redress a defendant's claims of deprivation of Federal constitutional rights. In fact in his concurring opinion in *Marino v. Ragen* (1947), 332 U.S. 561, 92 L. Ed. 170, 68 S. Ct. 240, Justice Rutledge remarked that these former remedies constituted "the Illinois merry-go-round of *habeas corpus, coram nobis,* and writ of error." (332 U.S. 561, 570, 92 L. Ed. 170, 176, 68 S. Ct. 240, 245; see also *People v. Slaughter*

(1968), 39 Ill. 2d 278, 282-85, 235 N.E.2d 566.) "It was a rigid application of these remedies that prompted the Supreme Court's [decisions], which in turn prompted the enactment of the Post-Conviction Hearing Act." *People v. Correa* (1985), 108 Ill. 2d 541, 546, 485 N.E.2d 307; see also *People v. Joseph* (1986), 113 Ill. 2d 36, 44-45.

The Act, as amended prior to Public Act 83—942, established the following procedure for the filing and adjudication of a post-conviction petition. A proceeding was commenced by filing the post-conviction petition with the clerk of the court in which the conviction took place. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1.) It was the responsibility of the clerk to docket the petition upon receipt and to bring the petition "promptly to the attention of the court." (Ill. Rev. Stat. 1983, ch. 38, par. 122—1.) The court had the authority to appoint counsel to represent the petitioner if the defendant requested such appointment and was without means to obtain counsel. (Ill. Rev. Stat. 1983, ch. 38, par. 122—4.) The court could also order that the indigent prisoner be provided a transcript of the trial court proceedings, if one was requested. Ill. Rev. Stat. 1983, ch. 38, par. 122—4.

Once the petition was filed and docketed, the State was granted 30 days in which to answer the petition or move to dismiss it. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) The court could extend the period of time in which the State was permitted to answer or otherwise plead to the petition. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) Further pleadings and amendments from the parties were allowed only upon leave of court either *sua sponte* or upon proper motion. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition [was] waived." (Ill. Rev. Stat. 1983, ch. 38, par. 122—3.) The trial court had the discretion to grant the petitioner leave to withdraw the petition at any point in the proceeding prior to entry of judgment.

If the trial court denied the State's motion to dismiss the petition, the State was then required to answer to the petition within 20 days. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) Thereafter the court could either take the matter under advisement based upon the pleadings, affidavits, depositions and transcripts before it, or the court could hold an evidentiary hearing to resolve the factual matters in dispute between the parties. (Ill. Rev. Stat. 1983, ch. 38, par. 122—6.) The court's dismissal, allowance, or denial of the petition was a final order appealable to a court of review. Ill. Rev. Stat. 1983, ch. 38, par. 122—7.

Public Act 83—942 altered this procedure in several respects. The most significant amendment was the addition of section 122—2.1. (Ill.

Rev. Stat. 1985, ch. 38, par. 122—2.1.) This section, which established the new procedure whereby a court is obligated to make an initial determination of whether the petition is frivolous or patently without merit, provides as follows (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1):

"Sec. 122—2.1. (a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding."

The amendments thus modify the prior practice to accommodate section 122—2.1 in the following manner:

"The clerk must docket the petition once it has been filed only for the limited purpose of "consideration by the court pursuant to Section 122—2.1 ***" whether the petition is frivolous or patently without merit. Ill. Rev. Stat. 1985, ch. 38, par. 122—1.

The court may appoint counsel to represent an indigent petitioner only after the court has initially reviewed the petition and has not dismissed the petition on the ground of frivolity. Ill. Rev. Stat. 1985, ch. 38, par. 122—4.

The court's authority to order that the indigent prisoner be provided a transcript is limited to those instances where the court has already made the initial adjudication that the *pro se* petition is not frivolous or patently without merit. Ill. Rev. Stat. 1985, ch. 38, pars. 122—2.1(b), 122—4.

The State is permitted to answer or move to dismiss the petition within 30 days only after the court's "making of an order pursuant to *** Section 122—2.1" that the petition is not frivolous or patently without merit. Ill. Rev. Stat. 1985, ch. 38, par. 122—5; see also *People v. Joseph* (1986), 113 Ill. 2d 36 (holding

section 122—8 unconstitutional).

The Fourth District of the Illinois Appellate Court recently summarized the new procedures of Public Act 83—942 to require the following:

"First, the petition is docketed for the limited purpose of an examination by a judge not involved in the original proceeding (see Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8) [but see *People v. Joseph* (1986), 113 Ill. 2d 36 (holding this provision unconstitutional)], who must then take one of two actions: (1) he may dismiss it as 'frivolous' or 'patently without merit' (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)), in which case the order is appealable; or (2) he may order it docketed for further consideration as provided for in the succeeding sections of the statute. However, in initially examining the petition, the judge must do so *inops consilii*, that is, without input by the State or further pleadings from the petitioner. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555.) There also can be no appointment of counsel or leave to proceed *in forma pauperis* until it is determined, usually by docket entry, that the petition will not be dismissed under section 122—2.1(a). (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555.) This means that where the petition is filed *pro se,* as is often the case, it may be dismissed as frivolous or patently meritless without appointment of, or aid by, legal counsel. As an aside, the constitutionality of this provision has been repeatedly upheld. *People v. Swearingen* (1986), 140 Ill. App. 3d 93, 488 N.E.2d 324; *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.

Should the petition survive this initial examination, the court should so indicate; the statute calls for a docket entry by order of the court. Only then may the State file pleadings in response within the confines of section 122—5. At this juncture, the State must either answer the petition or file a motion to dismiss. If the State chooses to file a motion to dismiss, the court may then either grant the motion and dismiss the petition or deny the motion. If the motion to dismiss is denied, the State will then be required to answer the petition. Once the State answers, the court, upon considering the merits, may still deny the petition without a hearing (which also constitutes an appealable order); otherwise, the cause will proceed to a hearing. After the hearing is held, the court will then either grant or

deny the relief requested." *People v. Cooper* (1986), 142 Ill. App. 3d 223, 225-26, 491 N.E.2d 815.

We note that the 1983 amendments to the Act leave intact the persons entitled to seek post-conviction relief (Ill. Rev. Stat. 1985, ch. 38, par. 122—1), the required contents of petitions for post-conviction relief (Ill. Rev. Stat. 1985, ch. 38, par. 122—2), the waiver rule (Ill. Rev. Stat. 1985, ch. 38, par. 122—3), and the court's discretion (after an adjudication has been made on whether the petition is nonfrivolous or not patently without merit) to extend the period for filing subsequent pleadings or to permit the petitioner to voluntarily withdraw the petition at any time prior to entry of judgment. Ill. Rev. Stat. 1985, ch. 38, par. 122—5.

The Public Act which adopted the 1983 amendments contains no express legislative objective for the changes and is not supported by any published legislative history. Recent appellate court decisions have stated their purpose as "an attempt to screen out the cases that have no merit to them at an early stage [in the proceedings] ***" (*People v. Baugh* (1985), 132 Ill. App. 3d 713, 716, 477 N.E.2d 724) and the furtherance of "the legitimate State interest of conserving the resources of appointed counsel for those petitioners who present some evidence of a substantial constitutional infringement" (*People v. Porter* (1986), 141 Ill. App. 3d 208, 216, 490 N.E.2d 47). It would not be unreasonable to conclude that the objective of the amendments is to streamline the procedures for the consideration of post-conviction petitions so that the trial courts' dockets are not overburdened by petitions that are clearly "frivolous" or "patently without merit." In brief, the fundamental purpose is to achieve the original goals of the Act in a more expeditious, timely, and orderly fashion. See generally *People v. Joseph* (1986), 113 Ill. 2d 36, 45-46.

Bearing in mind the foregoing background considerations, we turn to a review of the arguments presented by the parties. In this regard we consider the issues raised according to the procedural framework envisioned by the Act as currently amended.

1. TRIAL COURT'S CONSIDERATION OF THE FRIVOLITY OR PATENT LACK OF
LEGAL MERIT OF THE PETITION WITHIN 30 DAYS OF FILING AND
DOCKETING

Defendant argues that according to section 122—2.1(a), the trial court must determine, within 30 days of the date on which the petition is filed and docketed, whether the petition is frivolous or patently without merit. He contends that the trial court's failure to so adjudicate within 30 days renders its dismissal order void. The State re-

sponds that section 122—2.1(a) is directory rather than mandatory in nature, and therefore the trial court has the jurisdiction to consider the lack of legal substance to or merit of a petition more than 30 days after the petition is filed and docketed.

Section 122—2.1(a) provides in relevant part that "[w]ithin 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon [in which] the court determines [whether] the petition is frivolous or is patently without merit." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).

■■ The cardinal rule of statutory construction is that the court should interpret a statute in order to ascertain and give effect to the intent of the legislature. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362, 489 N.E.2d 1374.) Whether the term "shall" is to be given a mandatory or directory meaning depends on the context in which the word is used. (*People v. Singleton* (1984), 103 Ill. 2d 339, 341-42, 469 N.E.2d 200.) It has often been recognized that the word "shall" is intended to have a directory meaning where the provision merely directs a manner of conduct for the guidance of public officials or where the section is designed to secure order, system, and dispatch in proceedings. (*Shipley v. Stephenson County Electoral Board* (1985), 130 Ill. App. 3d 900, 902-03, 474 N.E.2d 905; *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 1016, 454 N.E.2d 29.) In these circumstances the term "shall" will nevertheless be given a mandatory meaning if the provision also contains negative language which prohibits performance of the acts required if they are not done in the manner designated or if an individual's rights will be injuriously affected by a failure to abide by the provision's direction. *Shipley v. Stephenson County Electoral Board* (1985), 130 Ill. App. 3d 900, 474 N.E.2d 905; *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29.

■■ In our view the purpose of the requirement that the trial court consider the frivolity of a post-conviction petition within 30 days of the petition's filing and docketing is to serve as a guide to trial courts and to secure the orderly, systematic, and expeditious disposition of post-conviction proceedings. The section contains no language prohibiting consideration after 30 days, nor would a defendant's rights necessarily be injuriously affected by a failure to act within the 30-day time period. As a result we conclude that the section suggests, rather than mandates, that the court consider the frivolity and merit of a post-conviction petition within 30 days. (*People v. Churchill* (1985), 136 Ill. App. 3d 123, 124-25, 482 N.E.2d 355.) We therefore hold that the 30-day time period stated in section 122—2.1(a) is directory rather than man-

datory, and that the trial court's disposition of the petitioner's pleading here more than 30 days following the docketing was not void. Consequently we adopt the position expressed in *People v. Churchill* (1985), 136 Ill. App. 3d 123, 482 N.E.2d 355, and decline to follow the views stated in *People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486.

■ Because we determine that the 30-day time period is directory, we turn to a consideration of whether the trial court's tardy adjudication of the pleading's merit here caused prejudice to the defendant resulting in reversible error. (*People v. Churchill* (1985), 136 Ill. App. 3d 123, 125, 482 N.E.2d 355.) Defendant does not contend that he was prejudiced by the court's failure to dispose of the question of the frivolity of or patent lack of merit to his petition within 30 days, nor does our review of the record disclose any prejudice to the defendant. Consequently, we find this argument an insufficient basis upon which to reverse the trial court's dismissal of the defendant's post-conviction petition.

2. TRIAL COURT'S FAILURE TO STATE SPECIFIC FACTUAL FINDINGS AND LEGAL CONCLUSIONS IN WRITTEN ORDER DISMISSING PETITION

Defendant claims that section 122—2.1(a) obligates the trial court, upon dismissal of a post-conviction petition because it is frivolous or patently without merit, to enter a written order that must contain specific factual findings and legal conclusions for the court's dismissal on the ground of frivolity. The State maintains that section 122—2.1(a) only directs, but does not require, that the trial court's order include explicit findings of fact and conclusions of law.

Section 122—2.1(a) states in relevant part that "[i]f the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) In our opinion the same legal principles, analysis, and result are warranted here as we determine above to apply to section 122—2.1(a)'s 30-day time-frame requirement.

■ We concur in the analysis adopted in *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422, *appeal denied* (1985), 111 Ill. 2d 558, that the use of the term "shall" does not refer to the contents of the court's order of dismissal itself, but rather refers to the court's obligation to dismiss a petition if it is found to be frivolous or patently without merit. "Thus, any mandatory effect which may have been intended by the legislature with respect to the dismissal itself does not necessarily apply to that part of the statute which refers to the content of the order." (*People v. Cox* (1985), 136 Ill. App. 3d 623, 626, 483 N.E.2d

422.) The reference to the contents of the court's written order, however, is merely to suggest a proper format of trial court disposition intended to facilitate orderly, systematic, and expeditious appellate review of the trial court's dismissal of a post-conviction petition that has been adjudged frivolous or patently without merit. Furthermore, we note that the section contains no expression that the proceedings should be held void if the trial court fails to specify its findings, nor would such a failure injure a defendant's rights since the dismissal of a post-conviction petition is subject to review. (136 Ill. App. 3d 623, 626-27, 483 N.E.2d 422.) As a result, the section's reference to the contents of the trial court's dismissal order is directory only, and the court's failure to make explicit factual findings and legal conclusions does not render its order void.

Inasmuch as we find that section 122—2.1(a) does not require the trial court to make explicit findings or conclusions in its dismissal order, we need not address the State's argument that interpretation of section 122—2.1(a) as mandatory would violate the doctrine of separation of powers. See *People v. Cox* (1985), 136 Ill. App. 3d 623, 627-28, 483 N.E.2d 422; see also *People v. Price* (1986), 144 Ill. App. 3d 949; *People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47 (concluding that provision must be interpreted as directory, since mandatory interpretation would render section violative of separation of powers); *cf. People v. Joseph* (1986), 113 Ill. 2d 36 (holding section 122—8 unconstitutional as violative of separation of powers).

■ Since we conclude that section 122—2.1(a) only directs that the trial court include specific factual findings and legal conclusions in its written dismissal order, we consider whether the trial court's failure to do so in the instant cause resulted in prejudicial error requiring reversal of the trial court's order. In this regard we are guided by the standard of whether the record as a whole provides sufficient basis to determine the grounds for the trial court's decision. (See *People v. Woods* (1986), 141 Ill. App. 3d 1079, 1080-81, 491 N.E.2d 159; *People v. Cox* (1985), 136 Ill. App. 3d 623, 627, 483 N.E.2d 422.) Based upon our review of the record, we find that there is no sound reason to reverse the trial court's dismissal order and to remand the cause so that the court could delineate the reasons for its dismissal of defendant's petition. See 136 Ill. App. 3d 623, 627, 483 N.E.2d 422.

### 3. Trial Court's Determination that Defendant's Petition Was Frivolous and Patently Without Merit

Defendant argues that the trial court erred in dismissing his post-conviction petition on the ground that it was "without legal founda-

tion." He contends that his petition was factually sufficient to survive initial judicial scrutiny under this standard.

In this regard we need consider only defendant's allegations that his trial counsel failed to investigate defendant's alibi defense, in that the attorney "never tried to get in touch with his witnesses although [counsel] assured [defendant] he would" and that his trial attorney further deprived defendant of the opportunity to testify on his own behalf.

The Illinois Supreme Court has held that a defense attorney's failure to investigate alibi witnesses may amount to ineffective assistance of counsel. (*People v. Greer* (1980), 79 Ill. 2d 103, 123, 402 N.E.2d 203; *People v. Stepheny* (1970), 46 Ill. 2d 153, 157-58, 263 N.E.2d 83.) Defendant's petition here alleged that the defendant told his attorney of witnesses, arguably favorable to his defense, to whom his defense attorney never spoke. In the present posture of the case, we are unable to conclude that these allegations do not merit further consideration and amount to wholly frivolous and utterly meritless claims.

■■ The United States Supreme Court has also recently recognized that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, [including] whether to *** testify in his or her own behalf ***. [Citations.]" (*Jones v. Barnes* (1983), 463 U.S. 745, 751, 77 L. Ed. 2d 987, 993, 103 S. Ct. 3308, 3312; see also *People v. Campbell* (1984), 129 Ill. App. 3d 819, 473 N.E.2d 129, *appeal denied* (1985), 102 Ill. 2d 556.) Defendant alleges in his post-conviction petition that his defense attorney did not permit defendant to testify on his own behalf at trial. Whether, in the circumstances of this case, the attorney's decision to not permit defendant to testify constituted ineffective assistance of counsel requires the appointment of an attorney who will be able to explore in more detail the factual and legal ramifications of defendant's claim. Absent further legal argument, we are unable to conclude at this juncture that the issue raised by defendant is so completely lacking in substance that it was frivolous or patently without merit.

For the reasons stated above, we conclude that the defendant's post-conviction petition was not frivolous or patently without merit, and that the trial court erred in dismissing the pleading on the ground that it was "without legal foundation."

4. TRIAL COURT'S AUTHORITY TO DETERMINE FRIVOLITY, OR PATENT LACK OF MERIT TO POST-CONVICTION PETITION PRIOR TO APPOINTMENT OF COUNSEL TO INDIGENT PETITIONER

Defendant argues that the Act's provision that the court shall de-

termine the frivolity of or the patent lack of merit to a defendant's petition prior to appointment of counsel to indigent petitioners: (a) conflicts with Illinois Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)); (b) violates the defendant's due process right to meaningful access to the courts; and (c) violates the defendant's right to equal protection of the laws. We consider each of these alleged constitutional deficiencies of the Act in the order stated.

## A. Conflict with Illinois Supreme Court Rule 651(c)

Defendant argues that section 122—2.1 is unconstitutional because it conflicts with Illinois Supreme Court Rule 651(c) and therefore constitutes an impermissible attempt on the part of the legislature to infringe upon the rule-making authority of the judiciary. We agree and conclude that section 122—2.1 conflicts with Rule 651(c) and infringes upon the power of the judiciary, and thus reaffirm our determination in *People v. Mason* (1986), 145 Ill. App. 3d 218.

Illinois Supreme Court Rule 651(c) states in pertinent part that the "record [of the post-conviction proceeding] filed in [the appellate] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 103 Ill. 2d R. 651(c).

Rule 651(c) was adopted pursuant to Illinois Supreme Court case law interpretation of the Act. (See Ill. Ann. Stat., ch. 110A, sec. 651, Committee Comments, at 536 (Smith-Hurd 1985), citing *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566; *People v. Garrison* (1969), 43 Ill. 2d 121, 251 N.E.2d 200; *People v. Jones* (1969), 43 Ill. 2d 160, 251 N.E.2d 218.) The court has consistently interpreted Rule 651(c) as a requirement that the petitioner's counsel before the trial court must certify to the appellate court that the attorney has consulted with the petitioner during the pendency of the action before the trial court, and that counsel has amended the petitioner's *pro se* petition prior to the trial court's final disposition thereof, in order to adequately present and preserve the petitioner's constitutional claims. Failure to include such certification or its evidentiary basis in the record has been held reversible error, even where the State has argued that reversal would be fruitless because the petition is frivolous or without legal merit. See, *e.g., People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663; *People v. Dye* (1971), 50 Ill. 2d 49, 277 N.E.2d 133;

*People v. Hawkins* (1970), 44 Ill. 2d 296, 255 N.E.2d 456; see also *People v. Jones* (1969), 43 Ill. 2d 160, 251 N.E.2d 218; *People v. Garrison* (1969), 43 Ill. 2d 121, 251 N.E.2d 200; *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566.

The State does not contend that Rule 651(c) is an attempt by the judiciary to exercise authority beyond its statutory powers, nor does the State claim that the authority to provide for such appointment of counsel to a post-conviction petitioner is an exclusively legislative function. (See, *e.g., People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164 (appointment of counsel to misdemeanants who have filed equivalent of post-conviction petition); 87 Ill. 2d R. 607(a) (right to appointed counsel upon direct appeal).) Rather the State argues that there is no conflict between section 122–2.1 and Rule 651(c). The State claims that the consultation requirement of the rule is limited by the appointment of counsel standard of section 122–4. In other words, the State maintains that Rule 651(c) is dependent upon the scope of section 122–4 and serves only as a guide for adequate representation of counsel once that representation is conferred by section 122–4.

■ However, our analysis of Illinois Supreme Court jurisprudence does not support this argument. Illinois Supreme Court case law indicates that when the court adopted Rule 651(c), it intended appointment of counsel in order to achieve the goals of the Act itself, not merely to state more explicitly the requirements of section 122–4 in particular. Thus in *People v. Slaughter*, for example, the court emphasized that *"the statute* cannot perform its function" of ensuring that constitutional claims of indigent prisoners are not lost in a "merry-go-round" of legal rules, formalities, and technicalities, unless the record affirmatively shows that the defendant's appointed counsel has consulted with him and reviewed the trial court record of conviction. (Emphasis added.) *(People v. Slaughter* (1968), 39 Ill. 2d 278, 283-85, 235 N.E.2d 566; see also *People v. Polansky* (1968), 39 Ill. 2d 84, 87, 233 N.E.2d 374.) Accordingly, we determine that section 122–2.1 conflicts with Rule 651(c). As we stated in *People v. Mason*, our conclusion that the section is void to the extent of such conflict is based upon our finding that this section of the Act violates the doctrine of separation of powers. See also *People v. Joseph* (1986), 113 Ill. 2d 36.

## B. DUE PROCESS VIOLATION

Defendant also contends that section 122–2.1 is unconstitutional as a denial of due process under the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and article one, section two of the Illinois Constitution of 1970. (Ill. Const. 1970, art. I,

sec. 2.) Defendant claims, essentially, that failure to appoint counsel to indigent post-conviction petitioners prior to a determination of whether their petitions are frivolous or patently without merit denies these individuals meaningful access to the courts.

■ We conclude that, before dismissal of a *pro se* post-conviction petition on the grounds that it is frivolous or patently without merit, appointment of counsel is required in order to ensure that indigent post-conviction petitioners are provided access to the courts that is meaningful, adequate, and effective. We, therefore, reaffirm the decision of this division in *People v. Mason.*

A prisoner's right to meaningful access to the courts to collaterally attack his conviction has been held to be a fundamental right of constitutional proportion. (*Bounds v. Smith* (1977), 430 U.S. 817, 821-22, 52 L. Ed. 72, 78-79, 97 S. Ct. 1491, 1494-95.) In order to be meaningful, access to the courts must be both adequate and effective. 430 U.S. 817, 822, 52 L. Ed. 72, 79, 97 S. Ct. 1491, 1495.

As stated in *People v. Mason*, the present statutory scheme is neither adequate nor effective. Under section 122—3 of the Act, a petitioner may not file successive post-conviction petitions. (Ill. Rev. Stat. 1985, ch. 38, par. 122—3.) As a result, once an indigent petitioner's *pro se* pleading is dismissed on the ground that it is frivolous and patently without merit, the prisoner is precluded from filing any additional post-conviction petitions. See, *e.g., People v. Polansky* (1968), 39 Ill. 2d 84, 87, 233 N.E.2d 374; *cf. People v. Nichols* (1972), 51 Ill. 2d 244, 281 N.E.2d 873 (fundamental fairness permits relaxation of waiver rule); *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566 (amendment of *pro se* post-conviction petition permitted during appeal in order to achieve fundamental fairness).

In our opinion such a procedure deprives an indigent prisoner of meaningful access to post-conviction relief. "Those whose education has been limited and those *** who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised [in a post-conviction petition]. Moreover, they may not even be aware of errors which occurred at trial. Thus they would be deprived of their only chance to [litigate a claim pursuant to the Act] even though they have never had the assistance of counsel in preparing one." *Rodriguez v. United States* (1969), 395 U.S. 327, 330, 23 L. Ed. 2d 340, 344, 89 S. Ct. 1715, 1717.

The State argues that the current statutory scheme is sufficient because it provides only for an initial, minimal judicial determination that a petition is not frivolous or patently without merit before appointment of counsel to an indigent petitioner. In our opinion, how-

ever, "[i]t is not enough to answer that the court will evaluate the facts pleaded in light of the relevant law. Even the most dedicated trial judges are bound to overlook meritorious cases without the benefit of an adversary presentation. [Citation.]" (*Bounds v. Smith* (1977), 430 U.S. 817, 826, 52 L. Ed. 2d 72, 82, 97 S. Ct. 1491, 1497.) Furthermore, the attempt to permit the court to make the appropriate merit-type disposition of a post-conviction petition without the benefit of counsel for the indigent prisoner in order to promote the "State interest of conserving the resources of appointed counsel for those petitioners who present some evidence of a substantial constitutional infringement" (*People v. Porter* (1986), 141 Ill. App. 3d 208, 216, 490 N.E.2d 147) erroneously assumes that all indigent prisoners are capable of determining and explaining for themselves, without the assistance of counsel, the manner in which their convictions have resulted from "a substantial constitutional infringement." (See *Rodriguez v. United States* (1969), 395 U.S. 327, 330, 23 L. Ed. 2d 240, 244, 89 S. Ct. 1715, 1717.) In addition, although economic detriment may be a factor in considering the methods which may be chosen by the State in providing meaningful access to the courts, the cost of protecting a constitutional right cannot justify its total denial. *Bounds v. Smith* (1977), 430 U.S. 817, 825, 52 L. Ed. 2d 72, 81, 97 S. Ct. 1491, 1496.

In our opinion the instant cause does not present the question of whether a post-conviction petitioner possesses a constitutional right to appointment of counsel pursuant to the sixth amendment to the United States Constitution. See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 715, 477 N.E.2d 724; *People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144; see also *Rodriguez v. United States* (1969), 395 U.S. 327, 330, 23 L. Ed. 2d 240, 244, 89 S. Ct. 1715, 1717 ("Applicants for [habeas corpus] relief *** must, if indigent, prepare their petitions without the assistance of counsel"), citing *Johnson v. Avery* (1969), 393 U.S. 483, 487-88, 21 L. Ed. 2d 718, 722-23, 89 S. Ct. 747, 750 ("It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief"), citing *Barker v. Ohio* (6th Cir. 1964), 330 F.2d 594, 594 ("it has been many times held that the constitutional right to counsel in criminal prosecutions does not apply to an application for a writ of habeas corpus, which is a civil proceeding").

Nor is the case at bar governed by factual analogy to Federal *habeas corpus* case law wherein a trial court may dismiss a petition for frivolity prior to appointment of counsel (28 U.S.C. sec. 1915 (1985); see *Bounds v. Smith* (1977), 430 U.S. 817, 826 n.15, 52 L. Ed. 2d 72,

81 n.15, 97 S. Ct. 1491, 1497 n.15 ("The propriety of these practices is not before us"); see also *Johnson v. Avery* (1969), 393 U.S. 483, 487-88, 21 L. Ed. 2d 718, 722-23, 89 S. Ct. 747, 750; *Rodriguez v. United States* (1969), 395 U.S. 327, 330, 23 L. Ed. 2d 240, 244, 89 S. Ct. 1715, 1717), since a *habeas corpus* petitioner may file successive pleadings, whereas a post-conviction petitioner generally cannot. (See *People v. Mason* (1986), 145 Ill. App. 3d 218, 224-25.) Jurisprudence regarding discretionary appeals (*Ross v. Moffitt* (1974), 417 U.S. 600, 41 L. Ed. 2d 341, 94 S. Ct. 2437) is also inapposite to the instant cause, because in such discretionary reviews the issues raised have been previously considered and adjudicated by an intermediate court of appeals, whereas in a post-conviction proceeding the questions of constitutional deprivation have not been previously resolved, oftentimes not even by a court of original jurisdiction. See *Bounds v. Smith* (1977), 430 U.S. 817, 827, 52 L. Ed. 2d 72, 82, 97 S. Ct. 1491, 1497-98; see also, *e.g., People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307.

Instead, the instant cause presents the issue of whether an indigent, *pro se* post-conviction petitioner's claim of deprivation of Federal and State constitutional rights, afforded legal cognizance and judicial scrutiny in the Illinois Post-Conviction Hearing Act, can be dismissed by a trial court prior to appointment of counsel, on the ground that the petition on its face appears to be frivolous and patently without merit, thereby precluding the petitioner from seeking further post-conviction redress in Illinois courts for deprivation of his State or Federal constitutional rights.[1]

The proper question is whether the current framework provides indigent prisoners meaningful access to the courts to seek relief for alleged violations of constitutional rights which, if established, might wholly invalidate their convictions.

█ In our view the challenged statutory scheme deprives indigent petitioners of meaningful, adequate, or effective access to post-conviction relief under the Act. "In the case of all except those who are able to help themselves—usually a few old hands or exceptionally gifted prisoners—the prisoner is, in effect, denied access to the courts unless [the] help [of an attorney] is available." (*Johnson v. Avery* (1969), 393 U.S. 483, 488, 21 L. Ed. 2d 718, 723, 89 S. Ct. 747, 750.) We reaffirm our adherence to the views expressed in *People v. Mason,* and conclude

---

[1]We have also considered *Tedder v. Fairman* (1982), 92 Ill. 2d 216, 441 N.E.2d 311, and *Doherty v. Caisley* (1984), 104 Ill. 2d 72, 470 N.E.2d 319, but find them distinguishable from the case at bar, because post-conviction proceedings serve the purpose of totally invalidating a prisoner's conviction, rather than simply attacking the conditions of confinement *per se.*

that section 122—2.1 of the 1983 amendments to the Act is unconstitutional as a deprivation of the due process right to meaningful access to the courts.

## C. Equal Protection Violation

Defendant argues that section 122—2.1 violates the equal protection guarantees of the United States and Illinois constitutions. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2.) Based upon the reasoning in *People v. Mason*, we conclude that the section does not violate equal protection.

For the reasons stated above, the order of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JIGANTI and JOHNSON, JJ., concur.