(No. 47982.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES W. WILSON, Appellant.

*Opinion filed April 5, 1977.*

MORAN, J., took no part.

Ralph Ruebner, Deputy Defender, and Ira A. Moltz, Assistant Defender, Office of the State Appellate Defender, of Elgin, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr and George C. Sorensen, Assistant Attorneys General, all of Chicago, of counsel), for the People.

MR. JUSTICE CLARK delivered the opinion of the court:

The appellant, James Wilson, was indicted for armed robbery and found guilty of robbery by a jury in the circuit court of Lee County. His conviction was affirmed by the Appellate Court, Second District. *People v. Wilson* (1975), 32 Ill. App. 3d 57.

The issue is whether the testimony by an accomplice was sufficient here to sustain a verdict of guilty beyond a reasonable doubt.

The complaining witness testified that on December 10, 1973, at 6:55 p.m., as she was preparing to leave her apartment, there was a knock on her door. The man at the door wore a jacket pulled up to just below eye level, carried a gun and demanded her purse. He then ran off with the purse. The victim failed to identify the accused at trial and admitted she identified another at a lineup which included the defendant and the accomplice, Eugene Bonnell, two months after the offense.

A police officer testified that, upon arriving at the victim's apartment, he found her agitated. He also found and followed footprints in the snow leading from the apartment and through neighboring yards to another street which had been cleared of snow. The officer said the footsteps indicated the individual had been running.

The last witness was the accomplice, Bonnell, who admitted that he had initiated the plan by choosing the victim, from whom he had rented a room two years earlier. Bonnell also admitted that he had been given immunity from prosecution for the instant offense and that two other indictments for armed robbery were pending against him. According to Bonnell's testimony, the defendant went to the victim's house around 6:45 p.m. and returned with a purse, having run through residential lots to the waiting car which Bonnell was driving. The defendant was carrying a toy gun.

At the completion of the State's case, the court denied the defendant's motion for a directed verdict.

The defendant contends that where accomplice testi-

mony remains essentially uncorroborated, but is the only basis for a conviction because the complainant failed to identify him, the standard of reasonable doubt has not been met.

Although Wigmore was not satisfied with it (7 Wigmore, Evidence sec. 2056 (3d ed. 1940; see also Supp. 1975)), the rule that uncorroborated accomplice testimony is a sufficient ground on which the trier may base a conviction has found almost overwhelming favor in Illinois. (See, *e.g., People v. Hermens* (1955), 5 Ill. 2d 277; *People v. Williams* (1960), 19 Ill. 2d 171; and *People v. Pittman* (1973), 55 Ill. 2d 39.) This court has never questioned the wisdom of regarding such testimony with skepticism and suspicion, however. It is fraught with serious weaknesses such as the promise of leniency or immunity and malice toward the accused. (*People v. Gleitsmann* (1935), 361 Ill. 165.) Such testimony should be subject to careful scrutiny, "acted upon with great caution" (*People v. LaCoco* (1950), 406 Ill. 303, 313), and have the "absolute conviction of the truth" (*People v. Zaeske* (2d Dist. 1966), 67 Ill. App. 2d 115, 121). It is also true that whether accomplice testimony, corroborated or uncorroborated, is a satisfactory basis for conviction goes to the weight of the evidence and is, therefore, in the province of the jury or the court. *People v. Farnsley* (1973), 53 Ill. 2d 537; *People v. Palmer* (1962), 26 Ill. 2d

Nevertheless, this court has held that where it is "plainly apparent that the defendant was not proved guilty *** beyond a reasonable doubt" we will set the conviction aside. *People v. Jurek* (1934), 357 Ill. 626, 632. See also *People v. Palmer* (1962), 26 Ill. 2d 464.

We do not intend to change our law allowing uncorroborated accomplice testimony as the basis for a conviction so long as the defendant is found guilty beyond a reasonable doubt. Rather, we do not believe that standard of proof was met here.

First, there simply was not the absolute conviction of

truth to Bonnell's testimony. (See *People v. Hermens* (1955), 5 Ill. 2d 277.) Bonnell, who was incarcerated pending the outcome of the other indictments and who admitted instigating the instant criminal act, was promised immunity. Testimony under such circumstances must be regarded with skepticism and caution. *People v. Gleitsmann* (1935), 361 Ill. 165; *People v. LaCoco* (1950), 406 Ill. 303.

Furthermore, we disagree with the appellate court's view that it was "not faced with uncorroborated testimony of an accomplice." (32 Ill. App. 3d 57, 59.) Bonnell's testimony pointed to *who* did it, but the testimony of the complainant and the policeman simply helped determine *what* occurred. The degree of corroboration was tenuous at best. Their testimony did not aid in establishing who committed the robbery. Bonnell's identification of Wilson as the actor remains uncorroborated. At most, Bonnell's apparently extensive knowledge of the robbery was corroborated.

Second, the victim never identified the accused as the robber. It is clear from the record that not only did the complainant fail to identify the accused at a lineup, but she identified another man—the same man—three times. Those in the lineup repeated the words of the robber, but she was still unable to point to Wilson as the robber. Moreover, she described the criminal as 5 feet 6 inches, whereas the accused is 6 feet 1 inch, a height differential which is not adequately explained either by the fact that the assailant had his coat pulled up over part of his face or by the fact that the victim had put her hands over her face at the time of the offense.

For these reasons we are not satisfied the defendant was proved guilty beyond a reasonable doubt. The judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.