THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KENNETH CHURCHILL, Defendant-Appellant.

Third District   No. 78-76

Opinion filed January 7, 1980.—Rehearing denied February 13, 1980.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of conviction entered after jury trial by the Circuit Court of Fulton County, Illinois.

On August 3, 1977, at 10:45 a.m. Nicholas Del Mastro was driving his truck south on Fifth Avenue in Canton, Illinois. At that time, defendant, Kenneth Churchill, turned his car into Fifth Avenue. The two vehicles proceeded south, the car in the left lane and the truck in the right lane. After Fifth Avenue crosses Elm Street, Fifth narrows to one lane, and there the two vehicles collided.

Both vehicles stopped with defendant's vehicle in front of Del Mastro's. Both drivers got out of their vehicles. Del Mastro looked at the damage to his vehicle and asked if defendant was all right. While Del Mastro was looking at the damage to his vehicle, defendant punched him on the jaw, knocking him to the pavement. Del Mastro was dazed by the blow and received a cut jaw. After punching Del Mastro, defendant carried him to the grass at the side of the road.

In response to a radio call, Canton police officer Dennis Brown drove to the scene of the collision and parked 10 feet south of defendant's car. He looked at defendant's car and then went to the place where defendant, Del Mastro, and Del Mastro's passenger, Gregg Beard, were standing. Brown was told that defendant had struck Del Mastro. Brown told defendant to go and sit in the police car. After the ambulance arrived, Brown noticed that defendant was standing next to his own car.

Brown walked to where defendant was standing and repeated his demand that defendant sit in the police car. At that point, defendant struck Brown, knocking him to the ground. Brown received a deep cut on his upper lip and a bruise on his arm. Defendant was then restrained.

Defendant was charged with aggravated battery for striking a police officer engaged in his official capacity and with battery for harming Nicholas Del Mastro. The causes were joined for jury trial on November 15, 1977.

At trial, defendant's wife testified that Del Mastro's hand was on the truck door handle when defendant approached the truck. Del Mastro moved his hand off the handle and paused. Defendant struck him.

She also testified that Officer Brown walked to the defendant's car at a fast rate and pointed his finger at defendant while ordering him to the squad car. As Brown reached the defendant, his hand came up over defendant's shoulder. Defendant then punched Brown.

Defendant's testimony was similar to that of his wife. Defendant said that when Del Mastro had his hand level with the truck window it looked like Del Mastro intended to hit defendant. Defendant struck first.

Defendant also testified that on his way to the police car, he stopped to talk to his children. Brown approached looking angry. He pointed his hand and then brought his hand up with a closed fist and grazed defendant's shoulder. Defendant said he felt he had to defend himself and punch Brown.

Brown, Del Mastro, and the other eye witnesses testified that neither Brown nor Del Mastro made any threatening gestures toward defendant.

At the instructions conference, the State tendered issues instructions on battery and aggravated battery. These were accepted by defendant without any objection. Defendant tendered an instruction on the justifiable use of force, which was accepted. The issues instructions did not say that the State must prove beyond a reasonable doubt that defendant's use of force was not justified.

The jury began its deliberations at 6:40 p.m. on November 15, 1977. Just after the jury retired, defense counsel, saying the court had the dynamite instruction, waived his presence at the return of the verdict. Before he left, counsel requested that the jury be polled if a guilty verdict were returned. The trial judge agreed to try to contact defense counsel if the jury communicated with him or asked for further instructions.

At 9:50 p.m. the jury sent a note to the judge stating they had reached a verdict on the battery charge but not on the aggravated battery. The judge called defense counsel and informed him of the note. The judge also informed defense counsel that he would give the Prim instruction. Defense counsel objected and asked for a mistrial which was denied.

The jury was called into the courtroom and the Prim instruction was read. The jury then returned to its deliberations.

At 10:35 p.m. the trial judge called defense counsel and said that in 10 minutes he would contact the jury and ask if further deliberations would result in a verdict. If the answer were negative he would declare a mistrial. The judge did not contact the jury. At 11:58 p.m. a guilty verdict on both charges was returned. The jury was polled

A motion for new trial was filed pro se. Defense counsel withdrew and new counsel was appointed. A new motion for a new trial was filed. Defense counsel argued that the giving of the Prim instruction was error and the absence of defense counsel during jury deliberations was a denial of defendant's rights. The motion was denied.

Defendant was sentenced to three years probation for aggravated battery and 90 days imprisonment for battery.

On appeal defendant raises the following issues:

1. Whether he was denied his constitutional rights to counsel when his

attorney absented himself once the jury began to deliberate and defendant did not waive his right to be represented.

2. Whether he was denied a fair trial where the issues instruction on battery and aggravated battery did not include the fact that the State had the burden of proving beyond a reasonable doubt that his use of force was not justifiable.

3. Whether the three-year term of probation to which he was sentenced on his aggravated battery conviction exceeds the statutory limit for a probation term on a Class 3 felony.

We have carefully read and considered the arguments of both the defendant and the State. Most of their arguments center on the lack of counsel at a critical stage of the proceedings, which is not precisely the situation in the instant case. There was no withdrawal by counsel nor was there a failure of counsel to act on behalf of defendant. What did happen is a practice which is prevalent in Illinois, particularly in rural areas.

Defendant did not retain an attorney whose main office is located in the county where the forum is located. He retained an attorney from another county who had to travel to the forum county. It is the practice in that instance that when a trial ends late in the day defense counsel is permitted to waive his presence at the return of the verdict and travel to his home.

The question before us is whether defendant was denied his right to assistance of counsel because counsel was not physically present during the jury deliberations and the polling of the jury. In the instant case, counsel was available during the deliberations. Before he left, defense counsel requested that the jury be polled in the event of a guilty verdict. In response to questioning by the trial judge regarding what was to be done if the jury contacted him, defense counsel replied, "I don't think I would waive [a telephone call advising him of the communication] but I would be happy to advise the court of my whereabouts. You have the dynamite instruction prepared." Defense counsel then agreed that if the judge could not reach him he should act discreetly in the manner he saw fit.

The jury sent a note to the judge saying that they had reached a verdict on the battery charge, but they were unable to agree on the aggravated battery charge.

When the jury communicated with the judge, defendant and the State's Attorney accompanied the trial judge to his chambers where he telephoned defense counsel. The judge read the jury note and said that he intended to give the Prim instruction. Defense counsel objected to the giving of the instruction and asked for a mistrial. The judge did not rule immediately. He did allow defendant and his counsel to confer privately by telephone.

Defendant and the State's Attorney were present in the courtroom when the judge read the Prim instruction to the jury. Before reading the instruction the judge told the jury that defense counsel had been conferred with by prior stipulation.

Approximately one-half hour after the jury resumed deliberations, the judge made a second telephone call to defense counsel. For the record counsel agreed that in 10 minutes the judge should ask the jury whether they could reach a verdict on the aggravated battery charge and if the answer were negative, to declare a mistrial. The judge did not make that communication to the jury.

■■ Thus, defendant was not without benefit of counsel in the usual sense. Counsel continued to act on his behalf and defendant was permitted to consult with his counsel. Before he left the courtroom defense counsel knew that the Prim instruction had been prepared and might well be used. We believe that his words showed his acquiescence in the use of the instruction and view his later objection as a tactic which was unsuccessful. Therefore, we find that there was no denial of counsel during jury deliberations and the giving of the Prim instruction.

■ Defendant also complains that he was without counsel during the polling of the jury.

First, there has been no allegation that defense counsel was incompetent. Second, defendant and his counsel presumably conferred on trial strategy and other matters. Defendant acquiesced in that strategy. We have no reason to doubt that defendant knew his counsel would be absent during jury deliberations and the polling of the jury. We believe that he acquiesced in that as well.

Next, defendant complains that he was denied a fair trial because the jury was not properly instructed. The State tendered Illinois Pattern Jury Instructions, Criminal, No. 11.06 (1968) (hereinafter IPI), the issues instruction for battery and IPI Criminal No. 11.10, the issues instruction for aggravated battery. These were not objected to by defendant and these instructions were given to the jury. The State also tendered IPI Criminal No. 2.03, which states that the defendant is presumed to be innocent and that this presumption is not overcome unless the jury is convinced beyond a reasonable doubt that defendant is guilty. The defendant tendered IPI Criminal No. 24.06 (first paragraph only) which defines justifiable use of force and this instruction was also given to the jury. Neither IPI Criminal No. 11.06 nor IPI Criminal No. 11.10, as given, instructed the jury that the State had to prove beyond a reasonable doubt that defendant's use of force was unjustified. Neither defendant nor the State tendered IPI Criminal No. 25.05, which would have instructed the jury that the State had to prove beyond a reasonable doubt that defendant's use of force was unjustified.

The thrust of defendant's argument centers on the fact that the State has the burden of proving every element of the crime beyond a reasonable doubt. Defendant argues that in the absence of IPI Criminal No. 25.05, the jury might have found defendant guilty without finding that the use of force was unjustified beyond a reasonable doubt. Defendant relies heavily on *People v. Wright* (1975), 32 Ill. App. 3d 736, 336 N.E.2d 18, as authority for this contention. However, such reliance is misplaced in the instant case. In *Wright*, the court reversed and remanded a murder case on other grounds. The court then went on to state what instructions should be given at the new trial with regard to the defense of justifiable use of force and held that the proper instruction would be IPI Criminal No. 25.05. Nowhere in *Wright* does the court state what the effect of a failure to give IPI Criminal No. 25.05 would be.

We are in agreement with the court in *Wright* that IPI Criminal No. 25.05 is the proper instruction to be given. The failure to do so was error. Therefore the next issue is whether the failure was reversible error. We hold that it was not. This precise issue was addressed in *People v. Tiller* (1978), 61 Ill. App. 3d 785, 378 N.E.2d 282, and *People v. Caldwell* (1976), 39 Ill. App. 3d 1, 349 N.E.2d 462; but see *People v. Martinez* (1979), 76 Ill. App. 3d 280, 395 N.E.2d 86. In the *Tiller* and *Caldwell* cases the charge was murder and the defendant offered an affirmative defense of justifiable use of force. In both cases the murder instruction, IPI Criminal No. 7.02, was given along with IPI Criminal No. 24.06, the instruction on justifiable use of force. In addition, IPI Criminal No. 2.03 was given, dealing with the presumption of innocence, including the State's burden of proving the defendant guilty beyond a reasonable doubt and the defendant not being required to prove his innocence. In neither case did the defendant object to the instruction or offer any alternative instruction. The court in *Caldwell*, quoting from *People v. Allen* (1976), 35 Ill. App. 3d 342, 341 N.E.2d 435, ruled that these instructions, construed as a whole, were adequate to fully and properly inform the jury of the applicable law in the case. The court held that " '[t]his series construed together sufficiently informed the jury of the law applicable to the defendant's theory of defense, self-defense, and of the State's burden of proof.' " (*People v. Caldwell*, (1976), 39 Ill. App. 3d 1, 7 (quoting from *People v. Allen*).) Therefore, although it would have been better practice if the jury had been given IPI Criminal No. 25.05, the *Caldwell* court found no prejudicial error in the jury instruction when there was no objection from the defendant and there was no omission of substance in the given instruction. The court in *Tiller* came to the same conclusion, citing *Caldwell*.

■■ The instant case presents virtually identical facts with the exception that the instant crimes were battery and aggravated battery, not murder.

The elements of the crimes were given in IPI Criminal Nos. 11.06 and 11.10. The instruction on reasonable use of force (IPI Criminal No. 24.06) was given. And IPI Criminal No. 2.03 was given regarding the presumption of innocence and the State's burden of proof. Further, defendant did not object to these instructions being given, nor did he tender any alternative instructions. Therefore, we hold that while it was error not to give IPI Criminal No. 25.05, there was no omission of substance in the given instruction and no prejudicial error.

■ Third, defendant argues that his sentence for aggravated battery, a Class 3 felony, exceeds the statutory maximum. Defendant elected to be sentenced under the sentencing code effective February 1, 1978 (Ill. Rev. Stat. 1977 & 1978 Supp., ch. 38, par. 1005—1—1 *et seq.*). The sentencing code permits a sentence of probation for Class 3 felonies not to exceed 30 months. Therefore, the sentence of probation for three years must be reduced to 30 months.

For the reasons stated above the judgments of the Circuit Court of Fulton County are hereby affirmed and the matter is remanded for resentencing.

Affirmed in part and remanded for resentencing.

STENGEL and BARRY, JJ., concur.