THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH W. CHURCHILL, Defendant-Appellant.

Third District   No. 3—84—0372

Opinion filed July 12, 1985.—Rehearing denied October 2, 1985.

Walter D. Barra, of James J. Elson, Chartered, of Canton, for appellant.

Joan C. Scott, State's Attorney, of Lewistown (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Kenneth Churchill, appeals from the judgment of the circuit court of Fulton County dismissing his amended petition for post-conviction relief. We affirm.

Defendant was represented at trial by Ronald Hanna, a court-appointed attorney. Following trial, defendant, *pro se*, filed a motion for a new trial. At defendant's request, Hanna moved to withdraw from the case, and James Murphy was appointed to represent the defendant. Defendant's motion for a new trial was denied, and he was sentenced to probation for the felony charge and 90 days' imprisonment for the misdemeanor offense. Defendant appealed his conviction and was represented by the office of the State Appellate Defender. His conviction was affirmed. (See *People v. Churchill* (1980), 80 Ill. App. 3d 405, 399 N.E.2d 985.) After defendant filed a post-conviction petition for relief *pro se*, Craig Collins was appointed to represent him. This petition was dismissed without an evidentiary hearing. Defendant then filed a motion to appeal the dismissal of his petition, and the State Appellate Defender was again appointed to perfect the appeal. Subsequently, that office withdrew as counsel, and the law offices of O'Bryant and Clark were appointed. We affirmed the trial court's decision and held that since the defendant could have, and should have, raised the issue of incompetency of trial counsel on direct appeal, his failure to do so constituted a waiver on his part. (See *People v. Churchill* (1981), 92 Ill. App. 3d 1006, 416 N.E.2d 395.) Defendant subsequently filed a second petition for post-conviction relief, and William Davis was appointed to represent him. This petition was also denied, but no appeal was taken. Finally, defendant filed a third petition for post-conviction relief and a motion for appointment of yet another attorney to represent him. Both the petition and motion were denied, and this appeal follows. James Elson was appointed to represent defendant on this appeal.

We are asked to decide the following issues: (1) whether the trial court erred in dismissing defendant's third petition for post-conviction relief; and (2) whether the trial court erred in denying defendant's motion for court-appointed counsel.

■ Initially, defendant contends the trial court erred in dismissing his third petition for post-conviction relief by not making the required findings of fact and conclusions of law within 30 days of the filing and docketing of the petition as required by the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122–2.1). The facts disclose that the defendant's petition was filed March 9, 1984, and the court entered its order denying the petition May 31,

1984. It is undisputed that more than 30 days passed from the time of filing the petition to the date of the order. While the better practice is to follow the time limits allowed, and while we do not approve of the procedural delay, we nevertheless find it was not prejudicial in this case and does not constitute reversible error. Further, the statute does not provide any sanctions for noncompliance when no prejudice is found. Where no grounds for relief are set forth in the post-conviction petition, as in the instant case, no possible useful purpose could be furthered by holding that an evidentiary hearing should be held.

■ Defendant also contends that the trial court erred in dismissing his third petition because the issue of competency of counsel is a proper subject for post-conviction relief. Defendant relies on *People v. Pannell* (1977), 44 Ill. App. 3d 885, 358 N.E.2d 1331, for this proposition. In *Pannell*, we held that "[i]ncompetency of counsel both at the trial and appellate level is a proper question for consideration in a post-conviction proceeding." (44 Ill. App. 3d 885, 887, 358 N.E.2d 1331, 1332.) This proposition, however, is not applicable to the facts in the present case.

Defendant's third petition is basically a restatement of his second petition, which basically restated his first petition. The only differences between the three petitions appear to be that each petition merely adds new attorneys to the list of those alleged to be incompetent. This strategy of continually filing new petitions for post-conviction relief based on incompetency of counsel could go on *ad infinitum*. We find that the issue of the incompetency of defendant's trial counsel, post-trial counsel, direct appellate counsel, and counsel appointed at the time of his first petition for post-conviction relief was settled in defendant's appeal following the trial court's denial of his first post-conviction petition. That appellate decision is *res judicata* as to the same issues raised in defendant's third petition.

■ Concerning the issue of the competency of the attorney who represented defendant for his appeal of the dismissal of his first petition for post-conviction relief, defendant previously raised this issue in his second petition for post-conviction relief. That petition was denied, and defendant failed to perfect an appeal. Therefore, he waived his right to subsequently raise the issue. Further, a review of the record fails to disclose any factual allegations of incompetency of counsel in this regard. It appears, therefore, that the only new issue raised in defendant's third petition is that of the incompetency of the attorney who represented him at the hearing held on his second petition. After review of the record regarding this issue, we find no merit in this argument. Further, at no stage in any of the proceedings involved in

this case, up to and including this appeal, have we found any incompetency of counsel. We are satisfied the defendant was well represented on this appeal. Therefore, the trial court did not err in denying defendant's third petition for post-conviction relief.

■ Concerning the issue of the trial court's denial of defendant's motion for court-appointed counsel, we find no merit in defendant's contention that since his third petition was not dismissed as provided by statute he was entitled to court-appointed counsel pursuant to section 122—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 122—4).

This statute allows appointment of counsel provided a petitioner qualifies as a poor person and provided the petition is not dismissed pursuant to section 122—2.1, *i.e.,* the petition is not dismissed as being frivolous or patently without merit. As mentioned previously in this opinion, defendant was not prejudiced by the delay in issuance of the court order and, further, the facts disclose that the trial court denied the petition because it was without merit. Therefore, the trial court properly denied defendant's motion for a court appointed attorney.

Accordingly, the decision of the circuit court of Fulton County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.