THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW O'NEAL, Defendant-Appellant.

Fourth District   No. 4—86—0242

Opinion filed October 6, 1986.

Jerry Finney, of Record, Finney & Jankowicz, of Decatur, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Welge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal from the trial court's dismissal of a post-conviction petition pursuant to the provisions of section 122—2.1(a) of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) Defendant was convicted of the offenses of unlawful possession of cannabis (Ill. Rev. Stat. 1983, ch. 56½, par. 704(d)) and possession with intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 705(d)) on March 30, 1985, and was sentenced on April 11, 1985, to a term of 30 months of incarceration. An appeal followed in which he was represented by the same attorney, and this court affirmed his conviction. *People v. O'Neal* (1985), 139 Ill. App. 3d 791, 488 N.E.2d 277.

Defendant filed a petition for post-conviction relief on February 20, 1986. In his petition, defendant alleged that he was deprived of effective assistance of counsel because of a conflict of interest between himself and a codefendant, and because of incompetence of counsel. The court entered an order dismissing the post-conviction pe-

tition on March 27, without conducting a hearing, finding that the petition was patently without merit. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) A motion to reconsider was denied on April 4, 1986. Defendant now appeals from the denial of his post-conviction petition.

■ The first argument raised by defendant on appeal is that the trial court erred by finding that his post-conviction petition was patently without merit, and by dismissing the petition without a hearing. Defendant argues that he raised two questions of fact in his post-conviction petition which were not patently without merit and should not have been determined without a hearing.

The first of these questions involved an alleged conflict of interest on the part of defendant's trial counsel, who represented both O'Neal and a codefendant, Theresa Bryson. Defendants' counsel requested a severance and separate trials for his two clients, and this request was granted. Bryson did not testify at defendant's trial, and the charges that had been filed against her were subsequently dropped. Defendant now argues that the interests of Bryson were adverse to his own interest and that, because of this, his counsel did not effectively represent him. The standard followed by this court is that an actual existing conflict of interest in the defenses presented by codefendants must be established before there will be a finding that the joint representation denied effective assistance of counsel, and the evidence in the record must establish actual prejudice.

■ As the supreme court stated in *People v. McCasle* (1966), 35 Ill. 2d 552, 556, 221 N.E.2d 227, 230:

> "[T]here is no showing that defendant was prejudiced by counsel's representation of both him and his co-defendant, or that a different result might have obtained had separate counsel been appointed, and we ought not disturb a judgment on the basis of conjectural or speculative conflicts between the interests of co-defendants which are envisioned for the first time on appeal. (See *People v. Courtney* [1923], 307 Ill. 441, [138 N.E. 857].")

We believe that defendant's contention that a conflict of interest on the part of his trial counsel led to ineffective assistance of counsel amounts to mere speculation, that no actual conflict was established, and that the circuit court correctly ruled that this contention was patently without merit.

Defendant also argues that he raised a question of fact regarding incompetence of counsel in his post-conviction petition which was not patently without merit and should not have been resolved without a hearing. Defendant bases his claim of incompetence of counsel upon the manner in which his counsel responded or failed to respond to two

improper remarks made by the prosecution. During *voir dire*, the prosecutor stated:

> "As I was saying, this case involves the drugs cannabis, heroin, and a drug called pentazocine. It involves possession of those drugs and possession with the intent to deliver or a drug dealer."

Defense counsel did not immediately respond to this statement; however, following the selection of the jury, defense counsel moved for a mistrial, and his motion was denied. During closing argument, the prosecutor stated:

> "He is charged with unlawful possession of cannabis 30 to 500 grams with intent to deliver. What that means is intending to sell this item, a drug dealer."

Defense counsel did not object or respond to this statement at trial, and did not mention this statement on appeal. In the direct appeal of his conviction, defendant argued that the trial court erred in not granting defendant's motion for a mistrial following the *voir dire* examination of the jury when the prosecutor referred to the defendant as a "drug dealer." In response to this argument, this court stated:

> "The prosecutor's statement could be taken as implying that the State would prove a series of drug transactions by the defendant. This was something that the State had not charged and was not going to be able to do. However, the prejudice was not great and any impropriety was waived by the failure of the defense to promptly request relief."

Defendant now argues that the failure of his trial counsel to properly raise the issue of improper prosecutorial remarks in the trial court, and the failure of trial counsel to preserve these issues and raise them on appeal, constituted incompetence of counsel.

In *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, the Illinois Supreme Court discussed and applied the standard for reviewing ineffective assistance of counsel claims set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. In *Strickland*, the United States Supreme Court adopted a standard for reviewing ineffective-assistance-of-counsel claims, stating:

> "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction *** has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction *** resulted from a breakdown in the adversary process that renders the result unreliable." (466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.)

The United States Supreme Court also noted:

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.)

Furthermore, the United States Supreme Court stated:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess [*sic*] counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citation.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; ***." 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694, 104 S. Ct. 2052, 2065-66.

The United States Supreme Court further noted:

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *** If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (466 U.S. 668, 697, 80 L. Ed. 2d 674, 699, 104 S. Ct. 2052, 2069-70.)

This court has already held that defendant was proved guilty beyond a reasonable doubt of the offenses of unlawful possession of cannabis and unlawful possession of cannabis with intent to deliver. The evi-

dence of defendant's guilt was very strong, and we believe that the outcome of defendant's trial was not affected by defense counsel's failure to respond to the prosecution's improper remarks. Consequently, we conclude that defendant has failed to show that he was prejudiced in any way by the manner in which his defense was conducted, or that there was a reasonable probability that the result of the proceeding would have been different, and the circuit court was correct in ruling that defendant's claim of ineffective assistance of counsel was patently without merit.

Defendant also argues that section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) is unconstitutional as it applies to him in this case because it violates the separation of powers provision of the Illinois Constitution (Ill. Const. 1970, art. II, sec. 1), which provides:

"The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another."

■ Defendant argues that pursuant to section 122—2.1 of the Post-Conviction Hearing Act, the trial judge assumes an advocate role which is "traditionally and constitutionally assigned to the State's Attorney," who is a part of the executive branch of State government. We believe that this argument is absolutely without merit. The trial judge does not serve as an advocate of any one position; rather, his function is merely to screen out those cases which are patently without merit at an early stage in the proceedings, thereby conserving valuable time and resources of the court and the people and agencies who are involved in these cases. The trial judge performed a purely judicial function in determining that defendant's post-conviction petition was patently without merit, and we fail to see any infringement upon the powers and duties of the executive branch (*i.e.*, State's Attorney) in this case. Furthermore, we do not believe that defendant is in any way prejudiced by the fact that the State's Attorney is not involved in the post-conviction proceedings prior to the issuance of the court's order pursuant to section 122—2.1 of the Post-Conviction Hearing Act. It appears to us that any involvement on the part of the State's Attorney would make a defendant's post-conviction challenge more difficult.

Additionally, defendant has failed to show how the provision which directs the trial court to decide if a defendant's petition is patently without merit without conducting a hearing violates the separation of powers provision of the Illinois Constitution. (Ill. Const. 1970, art. II, sec. 1.) Consequently, we hold that defendant's constitutional

challenge to section 122—2.1 of the Post-Conviction Hearing Act is without merit. See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 715-16, 477 N.E.2d 724-25 (wherein the defendant challenged the constitutionality of section 122—2.1 of the Post-Conviction Hearing Act by arguing a violation of the doctrine of separation of powers because of an alleged conflict between that section and Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)), and this court upheld the constitutionality of that section).

■ The final issue raised by defendant is whether the failure of the trial court to rule on his post-conviction petition within 30 days pursuant to section 122—2.1(a) of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)) renders the court's dismissal order void. The State contends that section 122—2.1(a) is directory rather than mandatory in nature, and therefore the trial court has jurisdiction to consider the lack of merit of a petition more than 30 days after the petition is filed and docketed. Section 122—2.1(a) of the Post-Conviction Hearing Act provides:

> "(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).

The issue of whether the 30-day provision contained in section 122—2.1(a) of the Post-Conviction Hearing Act is directory or mandatory has been addressed in three recent appellate court opinions. In *People v. Churchill* (1985), 136 Ill. App. 3d 123, 125, 482 N.E.2d 355, 356, the Third District held that the provision is directory, stating:

> "While the better practice is to follow the time limits allowed, and while we do not approve of the procedural delay, we nevertheless find it was not prejudicial in this case and does not constitute reversible error. Further, the statute does not provide any sanctions for noncompliance when no prejudice is found. Where no grounds for relief are set forth in the post-conviction petition, as in the instant case, no possible useful purpose could be furthered by holding that an evidentiary hearing should be held."

In *People v. Wilson* (1986), 146 Ill. App. 3d 567, the fourth division of the First District also held that the 30-day provision was directory,

stating:

> "In our view the purpose of the requirement that the trial court consider the frivolity of a post-conviction petition within 30 days of the petition's filing and docketing is to serve as a guide to trial courts and to secure the orderly, systematic, and expeditious disposition of post-conviction proceedings. The section contains no language prohibiting consideration after 30 days, nor would a defendant's rights necessarily be injuriously affected by a failure to act within the 30-day time period. As a result we conclude that the section suggests, rather than mandates, that the court consider the frivolity and merit of a post-conviction petition within 30 days. (*People v. Churchill* (1985), 136 Ill. App. 3d 123, 124-25, 482 N.E.2d 355.) We therefore hold that the 30-day time period stated in section 122—2.1(a) is directory rather than mandatory, and that the trial court's disposition of the petitioner's pleading here more than 30 days following the docketing was not void." (146 Ill. App. 3d 567, 577-78.)

(*Cf. People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486 (wherein the Fifth District held that the 30-day provision was mandatory).) We agree with the reasoning set forth in *Churchill* and *Wilson*, and conclude that the 30-day provision is directory rather than mandatory. Therefore, we choose to adopt the position expressed in *Churchill* and *Wilson*, and decline to adopt the position expressed in *Brown*. Consequently, we hold that defendant's contention that the circuit court's dismissal of defendant's petition was void for failure to comply with the 30-day provision contained in section 122—2.1(a) of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)) is without merit.

For the reasons stated herein, the circuit court order dismissing defendant's post-conviction petition as being patently without merit is hereby affirmed.

Affirmed.

McCULLOUGH, P.J., and WEBBER, J., concur.