THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAW-YER PACE, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER ROBINSON, Defendant-Appellant.

Fourth District   Nos. 4—86—0810, 4—86—0811 cons.

Opinion filed December 10, 1987.—Rehearing denied January 15, 1988.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant Lawyer Pace.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant Christopher Robinson.

Donald D. Bernardi, State's Attorney, of Pontiac (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On March 14, 1986, Philip Wilken, a correctional officer at Pontiac Correctional Center, was stabbed by inmates, receiving serious injuries. Selwyn Page and Selma Geder were indicted on various counts of attempt (murder), aggravated battery, and armed violence. Their cases were consolidated for trial. Defendants Lawyer Pace and Christopher Robinson were charged with various counts of conspiracy to commit murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—2(a), 9—1(a)(1)), conspiracy to commit aggravated battery (Ill. Rev. Stat. 1985, ch. 38, pars. 8—2(a), 12—4(b)(6)), solicitation to commit murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—1(a), 9—1(a)(1)), and solicitation to commit aggravated battery (Ill. Rev. Stat. 1985, ch, 38, pars. 8—1(a), 12—4(b)(6)). The jury returned verdicts of guilty and the court entered a judgment of conviction on one count of conspiracy to commit aggravated battery for each defendant. The defendants were each sentenced to a term of six years to be served consecutively to their current prison terms.

The defendants appeal their conviction and in support thereof argue: (1) they were not proved guilty of conspiracy to commit aggravated battery beyond a reasonable doubt; (2) they were denied effective assistance of counsel; (3) the trial court improperly excluded identification testimony; and (4) the prosecutor committed reversible error by commenting on witnesses' fear of retaliation. We affirm.

As the facts of this case were discussed at great length in the disposition of codefendants Selma Geder and Selwyn Page (*People v. Page* (1987), 163 Ill. App. 3d 959), only those pertinent to this disposition shall be reiterated. Additionally, issues (3) and (4) were disposed of in the codefendants' disposition. Consequently, we shall only address defendants' arguments concerning reasonable doubt and ineffective assistance of counsel.

REASONABLE DOUBT

The defendants Pace and Robinson maintain their convictions were based upon the uncorroborated testimony of Wilbert Cooley, an accomplice, and thus cannot stand.

■■ A criminal conviction will not be set aside on appeal unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 278.) The Illinois Supreme Court has adopted the standard enunciated in *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789, which provides that evidence must be viewed "in the light most favorable to the prosecution" and if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" the conviction must be affirmed. (443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789; *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 278.) Additionally, upon review, " 'all of the evidence is to be considered in the light most favorable to the prosecution.' " (Emphasis omitted.) *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 278, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.

■ The testimony of an accomplice, either corroborated or uncorroborated, can be sufficient to sustain a conviction if the jury is convinced beyond a reasonable doubt. (*People v. Newell* (1984), 103 Ill. 2d 465, 469 N.E.2d 1375; *People v. Wilson* (1977), 66 Ill. 2d 346, 362 N.E.2d 291.) Whether such testimony forms a sufficient basis for conviction goes to the weight of the evidence. As such, it is properly a function within the province of the jury. *Newell*, 103 Ill. 2d 465, 469 N.E.2d 1375; *Wilson*, 66 Ill. 2d 346, 362 N.E.2d 291.

Although accomplice testimony is competent, it is often fraught with serious problems. The accomplice may have been promised leniency or harbor ill will towards the accused. Consequently, it only should be accepted with the utmost caution and subjected to the highest scrutiny. *Newell*, 103 Ill. 2d 465, 469 N.E.2d 1375; see also *People v. Krankel* (1985), 131 Ill. App. 3d 887, 476 N.E.2d 777.

Defendants insist that where an accomplice's testimony is uncor-

roborated, it must carry an "absolute conviction of truth." (*People v. Hermens* (1955), 5 Ill. 2d 277, 125 N.E.2d 500.) Although the "absolute conviction of truth" language has been used in assessing accomplice testimony, the prevailing test is whether the uncorroborated accomplice testimony establishes the guilt of defendant beyond a reasonable doubt. (*Newell*, 103 Ill. 2d 465, 469 N.E.2d 1375.) The credibility and weight afforded such testimony is an issue for the jury.

At trial, Cooley testified that Pace, a higher ranking member of Brothers of the Struggle gang (BOS), appointed him to the position of chief of security. Approximately 10 days later, Pace told Cooley to arrange a "hit" on a correctional officer. Pace provided Cooley with pertinent information regarding who was to do the hit, who was to be hit, the extent of injuries, and where to obtain the weapon. Pace specifically told Cooley that Officer Mesch could not be hit because Pace would then be suspected.

Officer Mesch testified that on March 11, 1986, some three days prior to the incident, he issued a disciplinary ticket against Lawyer Pace. The ticket resulted in Pace's loss of commissary privileges for 30 days.

Evidence at trial further indicated that Christopher Robinson was Cooley's assistant for gang security matters. Cooley claimed that Robinson recruited inmate Selwyn Page to participate in the attack after Hilliard and Jackson backed out. Cooley stated that Robinson initially offered to do the hit, but Cooley discouraged him. Robinson denied any participation, but admitted membership in BOS.

As noted in our disposition of Page and Geder, Cooley freely admitted that he initially lied to prison investigators, and that he expected leniency for his cooperation with the prosecution. There was, however, no evidence of any promises or deals between Cooley and the prosecutor. Additionally, the record fails to reflect any particular motive on behalf of Cooley to testify against the defendants. We previously indicated the credibility problems inherent in prison cases are properly within the province of the jury. Where a jury finds guilt beyond a reasonable doubt based upon the testimony of an inmate-accomplice, we are not in a position to reweigh the evidence. The evidence presented here, when viewed per the *Collins* standard of review, is sufficient to prove guilt beyond a reasonable doubt.

## INEFFECTIVE ASSISTANCE OF COUNSEL

After the jury returned the verdicts, public defender Ahlemeyer made a motion to withdraw his representation of one or more defendants for the purposes of sentencing. Ahlemeyer asserted that the ver-

dicts displayed a conflict for sentencing purposes as the defendants had been found guilty of varying offenses and different degrees of culpability which could be argued at sentencing. Consequently, Ahlemeyer sought leave to withdraw as counsel for either of defendants Pace and Robinson, or of defendants Geder and Page.

The court found a conflict of interest existed and allowed Ahlemeyer to withdraw his representation of Pace and Robinson, while retaining Geder and Page as clients. Attorneys were appointed to represent Pace and Robinson at the sentencing hearings. Ahlemeyer did, however, argue on behalf of all four defendants at the post-trial motion.

On appeal, the defendants argue they were denied effective assistance of counsel due to Ahlemeyer's conflict of interest which arose from representing all four defendants.

■ It is firmly established that joint representation of codefendants is not *per se* violative of constitutional guarantees of effective assistance of counsel. (*Burger v. Kemp* (1987), 483 U.S. ___, 97 L. Ed. 2d 638, 107 S. Ct. 3114; *People v. Nelson* (1980), 82 Ill. 2d 67, 411 N.E.2d 261.) Where a defendant claims ineffective assistance based upon a conflict of interest, the defendant must prove that an actual conflict was manifested at trial and that prejudice resulted therefrom. *Nelson*, 82 Ill. 2d at 72, 411 N.E.2d at 264; *People v. O'Neal* (1986), 148 Ill. App. 3d 87, 89, 499 N.E.2d 83, 84.

■ It is the general rule that jointly indicted defendants should be jointly tried unless their defenses are inconsistent or antagonistic or general principles of fairness require otherwise. (*People v. Lee* (1981), 87 Ill. 2d 182, 429 N.E.2d 461.) The burden is on the defendants to request severance. It is not the duty of the trial court to indulge in speculation and determine when separate counsel is required. *People v. Thompson* (1977), 51 Ill. App. 3d 53, 366 N.E.2d 375.

In *Kemp*, the United States Supreme Court failed to find ineffective assistance of counsel where defendant and codefendant, both indicted for murder, were represented by two partners of the same firm. During sentencing, counsel for each defendant sought to emphasize the culpability of the other defendant in order to avoid the death penalty. The court found no adverse effect which prejudiced the defendants.

■ Defendants Pace and Robinson made no request for a separate trial, failed to show the existence of an actual conflict, and cannot prove prejudice as a result of the joint trial. Ahlemeyer effectively represented all four defendants during trial. The defendants did not present conflicting or antagonistic defenses. The fact that one defendant is more or less culpable than the other does not mandate a sever-

ance for trial. (*People v. Owens* (1987), 151 Ill. App. 3d 1043, 504 N.E.2d 186.) Once Ahlemeyer was granted permission to withdraw as counsel for Pace and Robinson, it was his duty to act as an advocate for his remaining clients. The comments regarding the culpability of Pace and Robinson were made to mitigate the sentence of his own clients. Consequently, Ahlemeyer's conduct carries no weight in support of a claim of ineffective assistance. Since defendants failed to show a conflict of interest and resultant prejudice as required, the claim of ineffective assistance of counsel is unsupported.

During sentencing, Pace's attorney argued that the evidence against the defendant was "tenuous, shaky at best." As a result, counsel requested that the court impose a minimum sentence. Pace claims that this statement constitutes "nonargument" on his behalf, thereby depriving him of effective assistance of counsel for want of acting as an advocate. Similarly, Robinson maintains his appointed counsel failed to adequately represent his interests at the sentencing hearing.

In *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, the Supreme Court established the requisites for a claim of ineffective assistance of counsel. To prevail, a defendant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) that deficiency prejudiced the defendant thereby depriving him of a fair trial, and but for such deficiencies, the result of the proceedings would have been different. (466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064; see also *People v. Elam* (1987), 156 Ill. App. 3d 685, 509 N.E.2d 698.) The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 80 L. Ed. 2d at 692-93, 104 S. Ct. at 2064.

At the sentencing hearing, both counsel appointed argued on behalf of their clients. The court was fully apprised of the evidence against the defendants and had further received presentence investigations into evidence. Counsel's performance at sentencing did not fall below an objectively reasonable standard, and further, defendants make no assertion whatsoever that the outcome would have been different absent counsel's performance. There was no error.

Based on the foregoing, the decision of the circuit court is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.