THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
DERRICK HEARD, Petitioner-Appellant.

First District (4th Division)   No. 1—86—3007

Opinion filed March 30, 1989.

944

Michael J. Pelletier and Donna Finch, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Judy L.

Groeneveld, and Lauren A. Freeman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Petitioner, Derrick Heard, was convicted of murder and sentenced to 68 years in prison. The appellate court affirmed his conviction and sentence in April 1984. He then filed a *pro se* petition for post-conviction relief, alleging that he was denied effective assistance of counsel because his trial attorney failed to file a motion to quash arrest and suppress statements and that his appellate attorney failed to raise any meaningful issues on appeal. The court denied the post-conviction petition. Heard retained a private attorney, who filed a motion for reconsideration of the dismissal of his *pro se* petition. Because no trial judge had actually reviewed the motion for reconsideration, the appellate court remanded the cause back to the circuit court with the direction that it consider defendant's amended post-conviction petition. Another judge reviewed the amended petition and dismissed it on October 2, 1986.

Heard appeals from this dismissal. He argues that the trial court erred in deciding the petition without appointing an attorney for Heard, particularly since the petition was based on sixth amendment issues concerning the effective assistance of counsel at the trial and appellate levels. He further argues that indigent *pro se* defendants seeking post-conviction relief are entitled to appointment of counsel before the court decides the petition; the cause should be remanded because the court failed to enter its order within 30 days of the filing of the petition, as required by statute; and that the cause should be remanded because the trial court failed to comply with the requirement that summary dismissal of post-conviction petitions must be by written order specifying findings of fact and conclusions of law.

We affirm.

BACKGROUND

Following Heard's conviction of murder and 68-year-sentence, an assistant public defender was assigned to represent him on appeal. According to Heard, the only issue that the attorney raised was the trial court's failure to impose a sentence in "a thoughtful manner." The appellate court affirmed Heard's conviction and sentence on April 13, 1984.

On April 11, 1984, Heard filed a *pro se* petition for post-conviction relief, alleging ineffective assistance of both trial and appellate counsel. Judge R. Eugene Pincham summarily dismissed this petition

on May 1, 1984, without providing written findings of fact and conclusions of law.

The clerk's office did not notify Heard of the disposition of his petition until July 2, 1984. Before receiving this notice, Heard had retained a private attorney to represent him during the post-conviction proceedings. This attorney filed a motion for reconsideration of the dismissal of the *pro se* petition, which was denied.

On January 16, 1986, the appellate court found that the appeal should be dismissed and the matter remanded because no circuit court judge had reviewed the motion to reconsider on its merits.

On April 10, 1986, the case was assigned to Judge Arthur J. Cieslik. On May 1, 1986, Heard asked that a bar association attorney be appointed to represent him. The judge apparently believed at first that the case was on remand for reconsideration of Heard's sentence and granted the motion allowing Heard to be represented by counsel. However, the court subsequently realized that the case had been remanded for reconsideration of the post-conviction petition. Accordingly, after continuing the cause until he could fully review the relevant papers, the trial judge on October 2, 1986, dismissed Heard's petition. He did not make specific written findings of fact or conclusions of law. Heard appeals from that order.

OPINION

I

Heard first contends that Judge Cieslik erred in dismissing his post-conviction petition because it alleged sufficient facts that were not patently frivolous or without merit. Since the truth of the allegations must be assumed in evaluating the legal sufficiency of a post-conviction petition, the court should have allowed the further investigation and research needed to prove them.

The State argues that Heard waived the allegation that trial counsel was ineffective because his appellate counsel failed to raise that issue during the direct appeal from his conviction and sentence.

■ We agree with the State that, generally, a defendant waives the issue of trial counsel's incompetence if he has different counsel on appeal and fails to raise it. (*People v. Bland* (1979), 67 Ill. App. 3d 716, 384 N.E.2d 68.) Moreover, even though waiver may not be appropriate if it stems from the incompetence of appointed counsel on appeal, appellate counsel is not required to raise issues that in his judgment are without merit, unless his appraisal is patently wrong. *People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25.

■ One of Heard's allegations of ineffective assistance is that his trial attorney failed to file a motion to quash arrest and suppress statements. However, the guidelines for establishing ineffective assistance of counsel require a showing that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that the alleged errors were in fact prejudicial to his defense, resulting in the denial of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064; accord *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.

■ In application, the courts generally hold that the decision of whether or not to file a motion to suppress is largely a matter of trial tactics under the circumstances, unrelated to the issue of competency. (*E.g., People v. Atkins* (1987), 161 Ill. App. 3d 600, 609, 515 N.E.2d 272.) The competency of counsel is determined by the totality of counsel's trial conduct (*People v. Eddmonds* (1984), 101 Ill. 2d 44, 461 N.E.2d 347), and if the jury's verdict would not have been different even if the allegations were true, ineffective assistance of counsel has not been established. *People v. Albanese* (1988), 125 Ill. 2d 100, 531 N.E.2d 17.

■ In the pending case Heard had filed a complaint with the Attorney Registration and Disciplinary Commission against his trial attorney and obtained different counsel to handle the appeal. The record contains the trial counsel's written response to Heard's charge and includes facts to support his opinion that Heard had no basis for a motion to quash arrest or suppress evidence. We do not regard this as evidence or lack of evidence that the attorney's conduct may have been incompetent. Nevertheless, it does establish that Heard had knowledge of his attorney's alleged incompetence before the appeal. The record also contains Heard's statement that he communicated with his appointed appellate counsel regarding the case. The appellate attorney could have raised an issue on direct appeal had she believed the trial attorney's conduct, based on the record and Heard's statements. She did not raise any such issue, nor was she required to do so under *People v. Frank* if she found the issue lacking in merit. For this reason, we find that further review of the matter has been waived.

■ Heard also contends that his appellate counsel was incompetent for raising only an issue that the sentence was excessive because the trial court had imposed the term without calm deliberation. We hold that, based on *Strickland* and *People v. Frank,* appellate counsel's failure to raise additional issues does not constitute ineffec-

tive assistance. As we have noted, an attorney is not required to raise issues that he does not believe are meritorious, and that includes the alleged incompetence of trial counsel.

Moreover, we are unpersuaded after reviewing the petition and record that the outcome of Heard's trial or appeal would have been different had his attorneys not committed the acts of alleged incompetence with which they are charged.

"A Post-Conviction Hearing Act proceeding is not an appeal *per se,* but a collateral attack on a judgment." (*People v. Albanese* (1988), 125 Ill. 2d 100, 104, 531 N.E.2d 17, 18.) The defendant's guilt or innocence is not in issue; rather, the proceeding is meant to delve into the constitutional defects claimed to have occurred during the original trial. The burden is on the defendant to establish a substantial constitutional deprivation and the defendant is not entitled to an evidentiary hearing on his post-conviction petition as a matter of right, "but only when the allegation of a substantial violation of constitutional rights is supported by the record or by accompanying affidavits." (*People v. Albanese* (1988), 125 Ill. 2d 100, 104-05, 531 N.E.2d 17, 18.) On review of Heard's petition and the record before us, we find that Heard has failed to establish a substantial constitutional deprivation.

II

Heard next argues that section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) unconstitutionally permits the trial court to dismiss an indigent's petition without appointment of counsel, in conflict with Illinois Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)). Rule 651(c) requires the appointment of counsel for indigents who appeal from the denial or dismissal of their post-conviction petitions.

■■ ■ The Illinois Supreme Court has recently determined this and other issues germane to the construction of the Post-Conviction Hearing Act. (*People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158.) In *Porter,* the court held that indigents who file post-conviction petitions for relief are not entitled to the appointment of counsel before the court determines the threshold issue of whether the petition states a claim that is not frivolous or patently without merit. (See Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1.) If the petition is not dismissed, the indigent is entitled to appointment of counsel. The court in *Porter* concluded that there was no conflict with section 122—2.1 of the Post-Conviction Hearing Act and Supreme Court Rule 651(c) "because these provisions provide for appointment of

counsel at different stages of the post-conviction process," at trial and on appeal, respectively. *People v. Porter*, 122 Ill. 2d at 72, 521 N.E.2d at 1160.

We have no choice on this issue but to follow the Illinois Supreme Court's interpretation. Accordingly, we must reject Heard's position.

### III

■ Heard next argues that the trial court was required to enter a dismissal of the petition within 30 days, by written order containing specific findings of facts and conclusions of law which form the basis of the frivolousness determination. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) He claims that since the trial court failed to fulfil these requirements, the cause must be remanded for further consideration under other sections of the Act.

Initially we note that *People v. Porter* has found mandatory the 30-day period for dismissing a post-conviction petition. In the pending case, however, the original *pro se* petition was dismissed within 30 days. Subsequently, Heard's counsel filed an "amended motion for reconsideration," which was denied. The appellate court reversed, directing that the trial court consider the motion for reconsideration. This reconsideration was not resolved within 30 days.

We agree with the trial judge that the 30-day period does not specifically apply to motions for reconsideration, following an appeal and remand. The better practice may be to adhere to a 30-day disposition anyway, but we do not read it as a requirement under the statute. (*Cf. People v. Crete* (1986), 113 Ill. 2d 156, 497 N.E.2d 751 (motion to reconsider a sentence must, by statute, be ruled upon within 30 days of sentencing).) A motion for reconsideration is not the same proceeding as that triggered by the initial petition. We do not find, in any event, that prejudice has resulted from the failure of the court to rule upon the motion to reconsider within 30 days. In fact, the record indicates that the trial judge continued the matter so that he could carefully review it instead of ruling on it the first time it was before him, when he had not read it. See *People v. Churchill* (1985), 136 Ill. App. 3d 123, 482 N.E.2d 355 (harmless error).

Heard further contends that the cause must be remanded because the trial court failed to give written findings of fact and legal conclusions, as required in section 122—1.

The Illinois Supreme Court in *People v. Porter* has decided this issue also, holding that although it considered such findings and conclusions "advisable," the requirement is not mandatory. (122 Ill. 2d

at 82, 521 N.E.2d at 1165.) In line with the *Porter* decision, we conclude that the lack of written findings and conclusions does not void the dismissal.

For the foregoing reasons, we affirm the trial court's order denying Heard's motion to reconsider the dismissal of his post-conviction petition.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.